**Morris B. KIRSCHENBAUM et al.,
Plaintiffs,**

v.

**William L. BEERMAN et al., Defendants.**

**Civ. A. No. 73–1093.**

United States District Court,
W. D. Pennsylvania.

Feb. 4, 1974.

James B. Brown, Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., for plaintiffs.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., John R. Tjaden, Trial Atty., Tax Division, U. S. Department of Justice, Washington, D. C., Anderson, Moreland & Bush, Kenneth P. Simon, Reed, Smith, Shaw & McClay, B. A. Karlowitz, Tucker, Arensberg & Ferguson, Pittsburgh, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

Plaintiffs have filed a complaint seeking to quash, by means of injunction, several summonses served upon Equibank, Mellon Bank and Pittsburgh National Bank, directing them to produce documents and information relating to plaintiffs' bank accounts for use in an investigation being conducted by the Intelligence Division of the Internal Revenue Service. A hearing was held on the matter on December 27, 1973 to determine whether this Court has jurisdiction over the parties and the subject matter, whether plaintiffs have standing to bring this action and whether the action itself is a procedurally appropriate attack upon the summons.

▮ This Court has jurisdiction under 28 U.S.C. § 1340 [1] since the suit involves a substantial controversy as to the construction and effect of 26 U.S.C. § 7602.[2] DeMasters v. Arend, 313 F.2d 79 (9th Cir. 1963). The Court is satisfied that this suit is not "an action for the purpose of restraining the assessment or collection of any tax", precluded by 26 U.S.C. § 7421(a). *Id.* at 84, n. 8.

▮ However, it is also readily apparent that none of the plaintiffs have standing to maintain this action, since they are not named as parties to the summonses. Rice v. United States, C.A. No. 58–72 (W.D.Pa. July 27, 1972) (unreported opinion, Knox, J.). This case is governed by the decision of the Supreme Court in Reisman v. Caplan, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), in which a similar injunction request by a taxpayer was held to have been properly dismissed for lack of standing.

*Reisman* held that the only proper method for a taxpayer to challenge a Section 7602 summons would be to intervene in the action brought by the government to enforce the summons. Therefore, plaintiffs' injunction request must be dismissed.

However, this Court retains serious misgivings as to two problems which this case brings to light. First, this Court has reservations about the propriety, if not the constitutionality of the use of Section 7602 by an intelligence agent in what is normally a criminal investigation. Despite the protestations of the Internal Revenue Service and the government, it is clear that Section 7602 is used to allow the Internal Revenue Service to examine confidential documents of taxpayers in the course of investigations which may result in and are for the primary purpose of bringing criminal charges. Merely by maintaining a fence-sitting posture and refusing to label their investigation as criminal, though that option is always open to them, the Internal Revenue Service gains the ability to use a civil summons where a grand jury subpoena might be more appropriate. It is doubtful whether Congress intended a Section 7602 summons to be used in a criminal investigation.

The more important problem which troubles this Court is the practical disadvantage which falls upon the taxpayer in this situation. Reisman v. Caplan, *supra* and the cases which follow it like Rice v. United States, *supra* are based upon the premise that the summons may not be enjoined in equity because the taxpayer retains an adequate remedy at law—intervention in the government's

1. "The district courts shall have original jurisdiction of any civil action arising under any act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the customs court."

2. "For the purpose of . . . determining the liability of any person for any internal revenue tax . . . the Secretary or his delegate is authorized— . . . . .

(2) To summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data . . . as may be relevant or material to such inquiry. . . . "

suit to enforce the summons. But for this legal remedy to become more than a fiction it is necessary for the third party upon whom the summons has been issued, usually a bank, to refuse to obey the summons' command. As a practical matter, few banks ever contest a Section 7602 summons. Whether in so doing they do a disservice to what may be a confidential relationship between bank and customer need not detain us here. What is significant is that the taxpayer's "adequate remedy at law" is often hollow in practical reality.

Nevertheless, this Court is bound to follow Reisman v. Caplan, *supra* and accordingly, the plaintiffs' complaint will be dismissed for lack of standing. Whether evidence obtained by this means would be admissible in a criminal case is not before the Court at this time.

An appropriate Order in accordance with this Opinion will be entered.