**UNITED STATES of America and Francis T. Brady, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**E. J. PUNTORIERI, Assistant Manager, First National City Bank and First National City Bank, Respondents.**

**No. 74C 1006.**

United States District Court,
E. D. New York.

July 31, 1974.

David G. Trager, U. S. Atty., E.D.N.Y., by Douglas J. Kramer, Asst. U. S. Atty., for plaintiff.

Shearman & Sterling, New York City, for defendants.

## MEMORANDUM OF DECISION

PLATT, District Judge.

On November 9, 1973 the Internal Revenue Service issued and served a summons on the respondents directing them to appear on November 27, 1973 at 10:00 a. m. at 120 Church Street, New York, New York, to testify and produce for examination "all accounts maintained by or for Manuel (Manny, Emanuel) Lo Porto and/or Mary Lo Porto:

"1. Signature Cards.

"2. Transcript of accounts.

"3. Deposit and withdrawal slips.

"4. Copies of checks deposited.

"5. Copies of checks issued for withdrawals.

"6. Loan application and financial statements.

"7. Copies of checks issued for loans."

On November 27, 1973, the respondents did not appear in response to the summons.

Although the respondents since have produced some of the books, records and other information sought by the Internal Revenue Service, they have failed to comply fully with the summons by producing all the books, records and other documents demanded. Their refusal to comply with the summons is based upon their belief that production of additional material sought by the summons is legally improper under the provisions of the Federal Fair Credit Reporting Act, 15 U.S.C.A. Sections 1681 et seq.

Accordingly, the Government has moved for an order directing the respondents to show cause why they should not be compelled to obey the summons, arguing that the Federal Fair Credit Reporting Act (15 U.S.C. Sections 1681 et seq.) is wholly inapplicable to the summons herein.

The Federal Fair Credit Reporting Act defines a "consumer reporting agency" as any person which for fees or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility or interstate commerce for the purpose of preparing or furnishing consumer reports. The Act defines a "consumer report" as any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit.

In its guidelines the Federal Trade Commission describes consumer reporting agencies as:

. . . "[s]ome banks and finance companies have engaged in the practice of giving out credit information other than that which they have developed from their own ledgers. To the extent that they give out information and experience gained from other creditors, such banks and finance companies would be functioning as consumer reporting agencies and would be required to comply with the terms of the Act." 4 CCH Consumer Credit Guide, ¶ 11,305.

The Federal Fair Credit Reporting Act does except from its definition of a consumer report "any report containing in-

formation solely as to transactions or experiences between the consumer and the person making the report." (Section 1681a.)

■ Thus it would appear that all of the items sought by the IRS summons, except possibly item 6 "Loan application and financial statements" to the extent that such file contains any information and experience gained from other creditors, would fall within the exception contained in the Act pertaining to consumer reports and would not be subject to the Act.

As to "information and experience gained from other creditors", however, the Act would clearly appear to be applicable. Any doubt on this score would appear to be eliminated by a reading of Section 1681f of the Act which provides as follows:

"Notwithstanding the provisions of section 1681b of this title, a consumer reporting agency may furnish identifying information respecting any consumer, limited to his name, address, former addresses, places of employment, or former places of employment, to a governmental agency."

■ The clear implication from this Section is that the Act is applicable to all government agencies, including the Internal Revenue Service, and to the extent that a government agency seeks a consumer report in the hands of a consumer reporting agency it must obtain a Court order therefor pursuant to Section 1681b of the Act or otherwise comply with such Section.

■ In the case at bar, the government having sought an order from this Court for the production of the designated records from the respondents, the same is granted and the respondents are so ordered to produce all of the designated books and records which they have withheld claiming the same to be within the provisions of the Federal Fair Credit Reporting Act.

So ordered.