Carlton E. BOWSER, Sr., and
Violet M. Bowser

v.

FIRST NATIONAL BANK OF OAK-
LAND, MARYLAND and Garrett Na-
tional Bank of Oakland, Maryland.

No. K-75-71.

United States District Court,
D. Maryland.

Feb. 28, 1975.

Carlton and Violet Bowser pro se.

William M. Schildt, Asst. U. S. Atty.,
D. Md., and Gerald C. Miller, Dept. of
Justice, for the I. R. S.

Franklin G. Allen, Baltimore, Md., for
defendants.

FRANK A. KAUFMAN, District
Judge.

Plaintiffs in this case, husband and
wife, have instituted this pro se suit,
seeking to restrain the two banks, as de-
fendants, from honoring summonses di-
rected to them by the Internal Revenue
Service, requiring the production of doc-
uments and information pertaining to
the plaintiffs. The provisions of the
summonses which are set forth in foot-
note 1 below are quite broad.[1] The In-
ternal Revenue Service was given the
opportunity to intervene in this case but
has declined to do so after having ap-
peared specially through a government
attorney solely for the purpose of
presenting the views of the Government
to this Court and citing to this Court

[1]. All records of all financial transactions
with Carlton Edward Bowser, Sr., SSN:
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 and/or Violet M. Bowser. All
books and records and data regarding open
and terminated accounts and transactions
with the subject, whether in joint or individ-
ual names, including other entities and under
whatever style, designation, or name used,
especially all data regarding, but not limited
to, checking and savings accounts, bank
charge cards, certificates of deposits, mort-
gages and loans, safe deposit box, collection
records, exchange records, buy and sell re-
cords of securities, certified checks, and
money orders.

Information regarding the foregoing should
include, but not be limited to, deposit re-
cords, ledger sheets, cancelled checks, signa-
ture cards and financial applications.

certain applicable authority. In that context the Government stated that it did not desire formally to assume the role of amicus curiae but simply desired to be of aid to the Court and to make known its views. The defendants have to date declined to comply with the requirements of the summonses unless they are ordered so to do by this Court.

█ Jurisdiction exists in this case pursuant to 28 U.S.C. § 1340. De Masters v. Arend, 313 F.2d 79, 84–85 (9th Cir. 1963); Cook v. United States, 387 F.Supp. 1103 (D.Nev.1974);[2] Kirschenbaum v. Beerman, 376 F.Supp. 398 (W.D.Pa.1974). Provided that the jurisdictional amount is met, jurisdiction would seemingly also exist under 28 U.S.C. § 1331 since the plaintiffs have asserted violation of their federal constitutional rights and since, in view of the breadth of the summonses issued by the Internal Revenue Service to the defendants, questions may well be presented under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. See United States v. Puntorieri, 379 F.Supp. 332 (E.D.N.Y.1974).

█ The issue of whether plaintiffs have standing to be heard herein with regard to the summonses addressed to the two banks which are the defendants herein, and if plaintiffs do have such standing, the further issue of whether plaintiffs are entitled to injunctive relief pending a hearing at which the Internal Revenue Service would be required to establish its prima facie right to require compliance with the said summonses, have been rather fully developed by Judge Foley in his recent decision in the Cook case and earlier by Judge We-

ber in Fitzmartin v. Bingler, 244 F. Supp. 541 (W.D.Pa.1965).[3] There is little to be gained by further discussion of those opinions and of their analyses of the language used by the Supreme Court in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), and of the opinions filed by the Supreme Court in California Bankers Ass'n v. Shultz, 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); in Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L. Ed.2d 580 (1971); and in other cases.[4] Any such discussion would, however, require attention not only to the majority opinion in the Shultz case but to the additional concurring opinion of Mr. Justice Powell and to the reservations expressed therein. In that connection, attention is called to Burrows v. Superior Court of San Bernardino County, 13 Cal.3d 238, 118 Cal.Rptr. 166, 529 P.2d 590 (1974). The reason why further discussion of those authorities and of the basic issues in this case will not be further pursued herein is that in Snyder, Bowser, et al. v. United States, et al., 502 F.2d 1163 (4th Cir. 1974), a suit in which one of the two plaintiffs hereto was one of the four plaintiffs therein, and one or two of the defendants herein was named defendant therein,[5] the United States Court of Appeals for the Fourth Circuit, in a per curiam opinion, in the course of affirming the dismissal of the suit of the plaintiffs therein to restrain the defendants, one of whom was the District Director of Internal Revenue, another of whom was a special agent of the Intelligence Division of that Service, and another of whom was the First National Bank of Oakland, Maryland,[6] wrote that plaintiffs "could

2. A copy of the Order filed in the Cook case is included in the official court file in this case.

3. See also Kelley v. United States, 503 F.2d 93 (9th Cir. 1974), relied on in Cook by Judge Foley.

4. See also United States v. Bisceglia, 420 U. S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975).

5. The Garrett National Bank of Oakland, Maryland is listed as a defendant in the Dis-

trict Court opinion in that case, Snyder, Bowser, et al. v. United States, Civil Action No. 73–111–E (N.D.W.Va. November 6, 1973), but not in the Fourth Circuit opinion. The other defendant herein was listed as a defendant in both Courts in that case.

6. The status of the other defendant bank herein in that case is discussed in n. 5 supra.

assert any reason why the summonses should not be obeyed to the hearing officer before whom the summonses were returnable; and if their claim was not sustained, they could request noncompliance by the banks and litigate their rights before any court to which application for an order to require compliance was made." [7] To date, the Internal Revenue Service has not afforded the plaintiffs an opportunity to appear before a hearing officer to assert why the summonses to the banks should not be obeyed, and, furthermore, the defendant banks herein have, as of this date and pending this Court's determination herein, refused voluntary compliance with the summonses in issue until they are ordered so to comply by this Court.[8] In the light of the language so used by the United States Court of Appeals for the Fourth Circuit, this Court cannot but reach the conclusion that the plaintiffs are entitled to have the opportunity in one or more appropriate administrative and/or court proceedings to present their opposition to the obtention by the Internal Revenue Service of the documents and records which the Service seeks from the two banks.

For the reasons set forth by Judge C. Stanley Blair in his Order filed January 23, 1975 granting the temporary restraining Order in this case and for the reasons set forth hereinabove; and in view of the Government's declination of the opportunity to intervene in this case, or to date to afford any administrative

hearing to the plaintiffs in connection with the complaint they state herein, the permanent injunctive relief requested by the plaintiffs will be granted in an appropriate Order.

---

7. The Fourth Circuit's words in its July 29, 1974 opinion would appear in accord with the following language in Reisman v. Caplin, 375 U.S. *supra* at 449–50, 84 S.Ct. at 514:
   Nor would there be a difference should the witness indicate—as. has Peat, Marwick, Mitchell & Co.—that he would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent jurisdiction. This relief was not sought here. Had it been, the Commissioner would have had to proceed for compliance, in which event the petitioners

or the Bromleys might have intervened and asserted their claims.
   It is not clear to this Court whether the documents the Internal Revenue Service seeks from the defendant banks are the same as those sought in *Snyder*, *Bowser*, *supra.*

8. In essence, the defendant banks took the position in oral argument in this case that the banks should not be left in the middle and that either the Internal Revenue Service should intervene in this case or otherwise move to obtain compliance or this Court should grant or deny the injunctive relief sought by the taxpayers herein.