UNITED STATES of America and Thomas P. Lyden, Revenue Agent of the Internal Revenue Service

v.

FIRST NATIONAL BANK OF OAKLAND, and Richard D. Stanton, Vice-President of First National Bank of Oakland, Carlton E. Bowser, Sr., and Violet M. Bowser, Intervenors.

UNITED STATES of America and Thomas P. Lyden, Revenue Agent of the Internal Revenue Service

v.

GARRETT NATIONAL BANK and Milford E. Beckman, Vice-President of Garrett National Bank, Carlton E. Bowser, Sr., and Violet M. Bowser, Intervenors.

Civ. A. Nos. K–75–842, K–75–843.

United States District Court,
D. Maryland.

July 31, 1975.

Jervis S. Finney, U. S. Atty., and William McC. Schildt, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Franklin G. Allen and Piper & Marbury, Baltimore, Md., for defendants.

Carlton E. Bowser, Sr., pro se for intervenors.

FRANK A. KAUFMAN, District Judge.

In these two cases the Internal Revenue Service seeks, pursuant to 26 U.S.C. § 7402(b) and § 7604(a), Orders of this Court requiring enforcement of summonses of the Internal Revenue Service (IRS) to the defendant banks to give testimony and to produce for examination all bank records, data and the like in their possession relating to an investigation of the income tax returns of Carlton Edward Bowser, Sr. and Violet M. Bowser (the Bowsers) for the years 1971–1973, inclusive. This Court issued a Show Cause Order to defendant banks, and sent copies of that Order, and of the Government's petitions to enforce the summonses, to the Bowsers. A hearing in these two cases was subsequently held in this Court at which time counsel for the Government and for the banks were heard. The Bowsers were represented by Mr. Bowser who appeared *pro se* for himself and his wife. Over the objection of the Government the Bowsers were permitted to enter these cases as Intervenors. At the conclusion of the hearing this Court announced that it would enter the Orders sought by the Government.

I

In *Snyder, Bowser, et al. v. United States,* 502 F.2d 1163 (4th Cir. 19__ which at least one of the banks was a defendant and taxpayer-intervenors her

plaintiffs, and in which some of the documents sought herein may also have been involved,[1] the Fourth Circuit affirmed the dismissal of a suit seeking, *inter alia*, to restrain several officials of the Internal Revenue Service from requiring production of certain records and information of the Bowsers which were allegedly then in the possession of one or both of the two banks. In so doing the Fourth Circuit, in a per curiam opinion filed July 29, 1974, wrote that the Bowsers "could assert any reason why the summonses should not be obeyed to the hearing officer before whom the summonses were returnable; and if their claim was not sustained, they could request noncompliance by the banks and litigate their rights before any court to which application for an order to require compliance was made."

On February 28, 1975, this Court filed an opinion in *Bowser, et al. v. First National Bank of Oakland, Md., et al.*, 390 F.Supp. 834 (D.Md.1975), in which the Bowsers sought an injunction restraining the two banks from honoring IRS summonses to produce the Bowsers' records. The Government in that latter case, eschewing the opportunity to intervene or be heard formally, simply provided citations and argument to this Court in support of the proposition that the banks must produce what the Government sought regardless of the opposition of the Bowsers and also regardless of whether or not the Bowsers had been afforded an opportunity in any administrative or court proceeding to be heard in support of that opposition. Noting the above-quoted language in the Fourth Circuit's July 29, 1974 opinion, the seeming support therefor set forth in *Reisman v. Caplin*, 375 U.S. 440, 449–50, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), and the split of authority evidenced by opinions filed in certain subsequent cases, this Court concluded (at p. 836):

    \* \* \* To date, the Internal Revenue Service has not afforded the

plaintiffs an opportunity to appear before a hearing officer to assert why the summonses to the banks should not be obeyed, and, furthermore, the defendant banks herein have, as of this date and pending this Court's determination herein, refused voluntary compliance with the summonses in issue until they are ordered so to comply by this court.[8] In the light of the lan-

8. In essence, the defendant banks took the position in oral argument in this case that the banks should not be left in the middle and that either the Internal Revenue Service should intervene in this case or otherwise move to obtain compliance or this Court should grant or deny the injunctive relief sought by the taxpayers herein.

guage so used by the United States Court of Appeals for the Fourth Circuit, this Court cannot but reach the conclusion that the plaintiffs are entitled to have the opportunity in one or more appropriate administrative and/or court proceedings to present their opposition to the obtention by the Internal Revenue Service of the documents and records which the Service seeks from the two banks.

Accordingly, this Court granted the injunctive relief sought by the Bowsers. Herein the banks, pointing to that injunction, repeat their willingness to abide by this Court's Orders. In response, the Government repeats its position that a taxpayer, despite *Reisman*'s words and the Fourth Circuit's comments in *Snyder, Bowser, et al.*, has no right to a hearing before a bank, which holds records of such taxpayer, must turn over such records in compliance with an IRS summons. Therefore, the Government opposed this Court's extending and granting to the Bowsers the opportunity and the right to intervene in these two cases.

■ When the IRS seeks, pursuant to 26 U.S.C. § 7402(b) and § 7604(a), to enforce a summons to a taxpayer to produce his records for examination by the

1. *See* the discussion in *Bowser, et al. v. First National Bank of Oakland, Md., et al.*, 390 F.Supp. 834 (D.Md.1975), pp. 835–836, nn. 5 and 7.

IRS during a tax investigation, the Government does not use self-help. Rather, the Government files a petition in a federal district court and seeks a Show Cause Order; and the taxpayer is required to appear at a hearing in federal district court and is given the opportunity to show why he should not produce the requested data. This Court understands that approximately two such suits per month are currently filed in this Court. As far as this Court can determine at this time, the Government has obtained, in recent years in every such case, the Orders it has sought, either by default or after an appearance by the taxpayer. But the safeguards inherent in such a procedure are obvious. There is always the chance that the IRS or any government agency or official is harassing or proceeding discriminatorily or arbitrarily against a taxpayer. *Cf. Lord v. Kelley,* 223 F.Supp. 684 (D.Mass.), *appeal dismissed,* 334 F.2d 742 (1st Cir. 1964), *cert. denied,* 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965). Providing the taxpayer with the opportunity to be heard in connection with any such possible governmental malfunctioning is entirely in line with the spirit of our Fourth Amendment restrictions on searches and seizures and our American concepts of due process and equal protection. There would appear no more reason to take away that opportunity to be heard simply because the taxpayer's records are in the hands of someone, such as a bank, acting for him or in relationship with him, rather than in his own hands. The taxpayer's right to be heard is not bottomed on his Fifth Amendment privilege not to incriminate himself, a privilege he may well have lost if he has relinquished personal control of his records. *See Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.

Ed.2d 548 (1973). Instead, the taxpayer's right to be heard is simply his basic procedural due process right.

 In this case, after the Bowsers were permitted to intervene, Mr. Bowser simply broadly reconfirmed his claims that the constitutional rights of his wife and himself would be violated by requiring production of the information sought by the IRS. Mr. Bowser in no way alleged or suggested that the IRS in this case was otherwise acting improperly, or proffered any facts to indicate that the IRS was engaged in any harassment, discrimination or arbitrary or capricious action, or anything other than normal, appropriate IRS investigative procedure. Therefore, this Court, at the conclusion of the hearing, stated that it would grant the relief sought in these two cases by the Government.[2] Accordingly, appropriate Orders are today being filed in these cases.

---

2. This Court was informed during the hearing that in the opinion of counsel for the banks none of the records in the hands of the banks fall within the ambit of the protection of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* For that reason there would appear no need for this Court to determine whether it would be appropriate at this time without further proceedings for this Court to issue the Orders sought herein by the Government, pursuant to the authority granted to this Court by that Act.