Application of Rose LEONARDO, Jacinto Leonardo, Anthony Avila and Edward Avila

for

The Return of Seized Property and the Suppression of Evidence.

No. 8748.

United States District Court
N. D. California, S. D.
July 12, 1962.

of the Avila Meat Company, for an order directing the return of seized property and the suppression of evidence obtained by government revenue agents allegedly in violation of Section 7605(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7605(b), as well as in violation of the Fourth and Fifth Amendments to the United States Constitution, and for an order restraining the United States Attorney for these reasons from submitting such allegedly illegally obtained evidence to the Grand Jury.

Section 7605(b) provides as follows:

"(b) *Restrictions on examination of taxpayer.*—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

The facts in the pending case are substantially as follows:

Applicants are partners in a partnership doing business as the Avila Meat Company, located at Newman, California. During the year 1957, a federal revenue agent, one Kitano, investigated the records of the partnership for the taxable years 1954 and 1955. A determination of tax deficiencies for each partner was made for those years, notice of deficiencies sent, and the deficiencies were paid.

Thereafter, agent Kitano, while investigating a different company in the same locality, the Modesto Tallow Company, noticed that that company's records showed business with the Avila Meat Company. Upon the basis of this knowledge the agent became interested in the re-examination of the Avila Meat Company's records for the years 1954 and 1955.

On several occasions between March 1958 and February 1959, agent Kitano returned to the premises of the Avila

Harold C. Faulkner and Clyde R. Maxwell, of Faulkner, Sheehan & Wiseman, San Francisco, Cal., for petitioners.

Cecil F. Poole, U. S. Atty., by Jerrold M. Ladar and David R. Urdan, Asst. U. S. Attys., San Francisco, Cal., for respondents.

SWEIGERT, District Judge.

This matter is before the Court upon the application of petitioners, partners

Meat Company, being accompanied on one visit by special agent Rogers. Although the agents came with the intention of conducting a second inspection of the partnership records for the years 1954 and 1955, specifically with respect to the Modesto Tallow account for those years, and although the purpose of their inspection was to determine whether any tax liabilities of the Avila Meat Company for those years still existed, the agents informed the partnership bookkeeper that they were examining the income tax liabilities of the partners for the years 1956 and 1957.

On the basis of this representation, Kitano was supplied by the bookkeeper with certain books and records, e. g., accounts receivable, cash receipts book, cash disbursements book. These records were arranged consecutively as to years and contained information for the years 1954 and 1955 as well as 1956 and 1957.

There is no evidence that the partners, themselves, were ever notified in writing or otherwise that an additional inspection of records for the years 1954–1955 was necessary. Certainly, their bookkeeper should not be deemed to have been authorized under these circumstances to waive such statutory notice by handing the agents records containing information for those years as well as the years indicated by the agent as the subject of their request.

The Court finds from the evidence that the agents never obtained permission or consent from the partners to reinspect for the years 1954 and 1955, never notified them that a re-inspection for 1954 and 1955 was necessary, never told anybody that they were examining for 1954 and 1955; that the bookkeeper, when delivering the records, was led to believe that they were examining for 1956 and 1957; that they were in fact examining for 1954 and 1955. We further find that prompt objection was made by the partnership accountant to such additional inspection when it was discovered.

■ Upon these facts the Court has found that the government agents intentionally made an additional inspection of the books and records of the Avila Meat Company for the years 1954 and 1955 without the consent of the partners or notice to them and in violation of Section 7605(b).

Questions remain concerning the form of the taxpayers' remedy and the extent of relief required under these circumstances.

Petitioners have here sought protection, under Rule 41(e), Fed.R.Crim.P., 18 U.S.C.A., for a claimed invasion of their constitutional rights under the Fourth and Fifth Amendments, as well as for a violation of their rights under Section 7605(b).

The question arises whether a proceeding under Rule 41(e) is available only for violation of constitutional rather than statutory rights. The question also arises whether any right of petitioners which has been invaded in this case is a constitutional right as distinguished from a mere statutory right.

However, apart from the claim of violation of constitutional rights, it is our view that this Court can and should grant relief through an adequate and appropriate remedy to safeguard these petitioners from what we deem to be an abuse of the statutory process.

In Reineman v. United States, 301 F. 2d 267 (7th Cir.1962), the Court in a civil proceeding fashioned such adequate, appropriate remedy by ordering a refund to relieve a taxpayer from a deficiency assessment based upon information gathered in violation of Section 7605(b). For equal, if not stronger reasons, relief should likewise be afforded in the course of criminal proceedings.

Whether Rule 41(e) is limited to relief for unreasonable, and, therefore, unconstitutional, searches and seizures (cf. Orta v. United States, 253 F.2d 312 (5th Cir.1958), is not determinative in this proceeding, if, as we conclude, this Court has power to fashion an adequate and

appropriate remedy for violation of Section 7605(b).

Courts have inherent disciplinary power over any officer thereof, including the United States Attorney, to protect persons whose property is unlawfully in the possession of such court officer, and the granting of such protection does not depend upon the presence or absence of any especial kind of illegality. See, United States v. Maresca, 266 F. 713 (S.D.N.Y. 1920).

■ By analogy to a pre-indictment motion under Rule 41(e) to suppress the evidentiary use in a federal criminal trial of material allegedly procured through an unreasonable search and seizure, the propriety of which is no longer open to question, Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed. 2d 614 (1962), this Court may afford similar relief to prevent the use of evidence in violation of a federal statute, which like Section 7605(b), relates to the taxpayer's privacy. We think further that upon the same analogy such relief may be afforded at the pre-indictment stage.

With respect to the proper scope of protection, it is our understanding from the record and the testimony of the hearing that no books or records of the partnership are in fact in the possession of the United States Attorney. It appears, however, that the United States Attorney is in possession of agent's memoranda or notes, such as Pet.'s Ex. 7, made in the course of examination of the taxpayer's records.

■ The adequate, appropriate remedy is, therefore, to order suppressed the information gained by the agents with respect to the years 1954 and 1955, whether in the form of testimony of the agents or in the form of their notes and memorandum, and to restrain the United States Attorney from presenting or using such evidence as the basis for criminal tax law prosecution.

Petitioners will prepare an order in accordance with this opinion and in conformity with the Rules of this Court.