**Walter J. FITZMARTIN and Jane A. Fitzmartin, his wife, Plaintiffs,**

v.

**John H. BINGLER, Mark DeLouis, and the Commercial Bank and Trust Company, Defendants.**

Civ. A. No. 65-852.

United States District Court
W. D. Pennsylvania.

Aug. 20, 1965.

Frank Reich and Abraham Fishkin, Pittsburgh, Pa., for plaintiffs.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., and Thomas A. Daley, Asst. U. S. Atty., for defendants.

WEBER, District Judge.

In this action the Commissioner of Internal Revenue through an IRS Agent in the Pittsburgh District Office issued a subpoena to the Commercial Bank and Trust Company of Pittsburgh summoning the bank to appear before the IRS Agent with records of the plaintiffs' transactions with the bank. The bank notified the plaintiffs that it would obey the Summons unless restrained by an Order of Court or of the Treasury Department. Plaintiffs, taxpayers, forthwith filed an action to enjoin the Commissioner, the IRS Agent and the bank from complying with the subpoena, and a temporary restraining Order was issued at plaintiffs' request, without notice or hearing staying the defendants from further action under the subpoena. The complaint names the District Director of the Internal Revenue Service, the IRS Agent, and the bank as parties defendants.

The Commissioner of Internal Revenue has now appeared and asked for the dismissal of the complaint and the vacating of the restraining order on the grounds that the witness subpoenaed and the taxpayer have an adequate remedy at law under the Internal Revenue Code in accordance with the decision of the United States Supreme Court in Reisman et al. v. Caplin, et al., 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459. The Reisman case recites the statutory procedure provided by the Internal Revenue Code both for contesting the subpoena before the Hearing Officer by the witness summoned and for the enforcement of such Summons by the Internal Revenue Service in the event of the neglect or refusal of the witness to comply. 26 U.S.C. § 7604(b), provides for a proceeding before the District Court in the nature of an attachment for contempt. In the Reisman case the Court also recites the procedure

provided under 26 U.S.C. § 7602, authorizing the Secretary of the Treasury to summon the person liable for tax, or any person having possession of books of account to appear before his delegate and produce such books. It is conceded that under § 7602 the witness or any party in interest may attack summons before the Hearing Officer. In addition a proceeding is provided under 26 U.S.C. § 7402(b), which grants the District Courts of the United States jurisdiction by appropriate process to compel such attendance, testimony or production of books, papers, or other data. In Reisman the Circuit Court for the District of Columbia had dismissed the complaint because:

" * * * it is not within the court's jurisdiction because it is in substance a suit against the United States to which it has not consented." 317 F.2d 123, 125.

The Supreme Court sustained the dismissal but on other grounds, the existence of an adequate remedy at law in the provisions of the Internal Revenue Code.

This still leaves an area of uncertainty. Actions by the taxpayer in the nature of a suit in equity to enjoin the Internal Revenue Service Director have been sustained: See Zimmermann v. Wilson, 105 F.2d 583 (3rd Cir. 1939). We do not understand the Reisman case to prohibit such procedure absolutely.

In the present case the bank informed taxpayer that it would comply with the subpoena. We cannot tell what the bank might have done before the IRS Agent in the face of such subpoena even though the taxpayer were present and objecting. While the Court in Reisman upheld the right of the taxpayer to intervene to protect his interests the mechanics of such intervention at that stage are not clear. The Court seems to recognize this situation at the end of its Opinion.

"Nor would there be a difference should the witness indicate * * * that he would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent jurisdiction. This relief was not sought here. Had it been, the Commissioner would have had to proceed for compliance, in which event the petitioners or the [taxpayers] might have intervened and asserted their claims." 375 U.S. 450, 84 S.Ct. 514.

We read in the words "the taxpayer or any affected party might restrain compliance" as permitting the type of proceeding brought here. However, we have doubts as to the propriety of making the District Director of the Internal Revenue Service and the Internal Revenue Agent parties to the action.

The United States has indicated that it is prepared to proceed under the provisions of 26 U.S.C.A. § 7604(a), or its virtually identical counterpart, 26 U.S.C.A. § 7402(b), to apply to the Court by appropriate process to compel the attendance and the production of the books and papers requested in the subpoena. Under these circumstances we will dismiss the present complaint as to the defendant, John H. Bingler, District Director of the Internal Revenue Service for the Western District of Pennsylvania, and the defendant, Mark DeLouis, Internal Revenue Agent, and vacate the restraining Order as to them. The restraining Order as to the Commercial Bank and Trust Company shall remain in effect until the disposition of proceedings to be instituted by the United States to compel the attendance of such witness and the production of the records demanded by the subpoena.