**John H. BIRDSALL, Jr., et al.**

v.

**UNITED STATES of America et al.**

**No. 67–1–Civ.**

United States District Court
S. D. Florida,
Miami Division.

Feb. 27, 1967.

Arthur B. Cunningham, of Cunningham & Weinstein, Miami, Fla., for plaintiffs.

William A. Meadows, Jr., U. S. Atty., and Morton A. Orbach, Asst. U. S. Atty., Miami, Fla., for the United States.

### ORDER DENYING MOTION FOR TEMPORARY INJUNCTION

ATKINS, District Judge.

Plaintiffs have filed a Complaint to compel the return of tax records and documents and to suppress their use.

This cause came on for hearing upon Plaintiffs' Motion for a Temporary Injunction to prevent the Government's use of the records and documents for the purpose of obtaining an indictment against the Plaintiffs. Jurisdiction of the Court is invoked under 28 U.S.C. § 1331(a). The Court granted Plaintiffs' oral Motion to Amend Complaint to recite the amount in controversy required.

█ The Court has heard and considered the argument of counsel and has studied the memoranda of law submitted by counsel for the respective parties. The Court has jurisdiction to hear this matter under 28 U.S.C. § 1331(a).

Pursuant to a summons issued under Sec. 7602 of the Internal Revenue Code of 1954, Plaintiffs allowed agents of the Internal Revenue Service to inspect certain corporate tax records. See Hair Industry, Ltd. v. United States, 340 F.2d 510 (2d Cir. 1965). The records never left Plaintiffs' possession. Plaintiffs contend that they allowed the Government's agents to inspect these records on the *understanding* that their inquiry would be limited to a civil investigation. However, the affidavits in this matter clearly indicate that no assurance was given to plaintiffs that these records would never be used in a criminal investigation. United States v. O'Connor, 118 F.Supp. 248 (D.C.Mass. 1953) cited by plaintiffs is distinguishable. In *O'Connor* the records of an individual were subpoenaed *after* an indictment had been returned. The purpose for the subpoena was to aid in the criminal investigation.

Plaintiffs rely heavily upon Goodman v. United States, 369 F.2d 166 (9th Cir. 1966) to support their contention that the relief they seek can and should be granted at this time. The fundamental premise underlying the taxpayers' case in *Goodman* was that the Government induced them to surrender their records by a "scheme of fraud and deception." See, In Re Leonardo, 208 F.Supp. 124 (N.D.Calif, 1962). No such "scheme" exists in this cause.

█ No criminal action is now pending against the Plaintiffs. If an indictment should be returned, appropriate motions under the Federal Rules of Criminal Procedure are available to suppress evidence that was wrongfully obtained. See, Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Parrish v. United States, 256 F.Supp. 793 (E.D.Va., 1966). Thereupon, it is

Ordered and adjudged that Plaintiffs' Motion for a Temporary Injunction be and the same is hereby denied.