Leon S. **POIRIER** and Southland Inns, Inc., Plaintiffs,

v.

The **COMMISSIONER OF INTERNAL REVENUE** and Albert C. Fritz, Internal Revenue Agent, Defendants.

Civ. A. No. 69-891.

United States District Court
E. D. Louisiana,
New Orleans Division.

April 30, 1969.

W. Ford Reese, New Orleans, La., for plaintiffs.

Charles H. White, Asst. U. S. Atty., for defendants.

RUBIN, District Judge:

This is a suit by a taxpayer against the Commissioner of Internal Revenue and an Internal Revenue agent to restrain enforcement of a summons issued to a third party, National American Bank, under Section 7602 of the Internal Revenue Code. 26 U.S.C. § 7602. The defendants move to dismiss.

The most perfunctory reading of the authorities indicates that the motion to dismiss should be granted. In Reisman v. Caplin, 1964, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459, suit was

filed for a similar injunction. The Supreme Court concluded that the taxpayers "have an adequate remedy at law and that the complaint is therefore subject to dismissal for want of equity." Either "a witness [National American Bank] or any interested party [certainly the taxpayer] may attack the summons before the hearing officer." 375 U.S. at 445, 84 S.Ct. at 511. In addition, if enforcement proceedings are brought in the District Court by the Commissioner of Internal Revenue under 26 U.S.C. § 7604, "both parties summoned and those affected by a disclosure may appear or intervene before the District Court and challenge the summons by asserting their constitutional or other claims." " * * * [S]hould the witness indicate * * * that he would voluntarily turn the papers over to the Commissioner * * *, either the taxpayer or any affected party might restrain compliance * * * until compliance is ordered by a court of competent jurisdiction. This relief was not sought here. * * * " 375 U.S. at 449–450, 84 S.Ct. at 514. See Bender, The Implications of Reisman v. Caplin In Fraud Cases, 1965, 23 N.Y.U. Institute on Federal Taxation 1293, 1298.[1]

The Reisman decision "seems to destroy the basic underlying decisions * * * which authorized applications to vacate such a summons * * * in advance of any judicial proceeding by the Government for their enforcement." United States v. Kulukundis, 2 Cir. 1964, 329 F.2d 197, 199.

■■ The taxpayer's reference to the Administrative Procedure Act, unsupported by other citations of authority, is unavailing. Section 10(c) of the Act, 5 U.S.C. § 704, does provide: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." But it is clear that this rule applies only when "there is no other adequate remedy in a court." Moreover, Section 10(b), 5 U.S.C. § 703, an accompanying section of the Administrative Procedure Act provides: "The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute." In the case of a subpoena issued by the Internal Revenue Service, the procedure set forth in 26 U.S.C. §§ 7602, 7604 and outlined in Reisman provides an adequate remedy.[2] Interim relief is therefore not available under Section 10(d), 5 U.S.C. § 705, for that section of the Administrative Procedure Act applies only to suits brought before "the [proper] reviewing court" "pending judicial review * * * to prevent irreparable injury." If the procedure set forth in Reisman is followed, no irreparable injury will result.

In Fitzmartin v. Bingler, W.D.Pa. 1965, 244 F.Supp. 541, a taxpayer sought to enjoin the witness bank, the Commissioner and the Internal Revenue Service agent from complying with an IRS summons. The court dismissed the complaint as to all defendants but the bank, and permitted a restraining order against the bank to remain in effect "until the disposition of proceedings to be instituted by the United States to compel the attendance of such witness and the production of the records demanded by the subpoena." 244 F.Supp. at 542.[3]

In the instant case, however, only the Commissioner of Internal Revenue and an Internal Revenue agent were sued. The plaintiffs have not sought to name the witness bank as a defendant.

For these reasons the suit is hereby dismissed.

1. For further discussion of the procedure to be followed in the light of Reisman, see the Cumulative Supplement to Mertens, Federal Income Taxation, Vol. 8A, § 47.51.

2. For further discussion see Davis, Administrative Law Treatise, § 23.06, especially the Supplement thereto.

3. Compare Lesser v. United States, E.D. N.Y.1964, 230 F.Supp. 817, where the court said that the taxpayer "has no standing whatsoever to make [an] independent application" to quash the summons.