Claire KELLEY, Plaintiff-
Appellant,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

No. 73-2204.

United States Court of Appeals,
Ninth Circuit.

Sept. 11, 1974.

Claire Kelley, in pro. per.

Charles E. Brookhart, Atty. U. S.
Dept. of Justice, Washington, D. C., for
defendants-appellees.

Before MERRILL and KILKENNY,
Circuit Judges, and EAST,* Senior Dis-
trict Judge.

PER CURIAM:

Appellant, a depositor of the Bank of
America, seeks to enjoin the enforce-
ment of an Internal Revenue Service
summons issued pursuant to 26 U.S.C. §
7602. The summons commanded the of-
ficers of the bank to produce for exami-
nation "[a]ll bank statements, ledger
sheets, canceled checks, or any other
records pertaining to the above named
taxpayer in your possession or control
which reflect deposit or withdrawal
transactions or any other transactions in
the checking, savings, or loan accounts
with the Bank of America." Appellant
asserts that production of the demanded
records will violate her rights under the
Fourth and Fifth Amendments of the
United States Constitution. She sought
an order restraining the bank from
granting the Internal Revenue Service
access to the records and restraining the
Internal Revenue Service from enforcing
the summons. The district court dis-
missed her complaint for lack of juris-
diction and failure to state a claim.

Injunction by a taxpayer will not lie
against the Internal Revenue Service or
its officers in a situation such as this.
A remedy at law exists through inter-
vention of the taxpayer in judicial pro-
ceedings brought by the Commissioner
in enforcement of his summons. Reis-
man v. Caplin, 375 U.S. 440, 84 S.Ct.
508, 11 L.Ed.2d 459 (1964).

* Honorable William G. East, Senior United States District Judge for the District of Oregon,
sitting by designation.

The problem we face is that the bank here has indicated willingness to comply with the summons and thus enforcement proceedings appear to be unnecessary. With reference to this problem it was stated in *Reisman*:

> "Nor would there be a difference should the witness indicate * * * that he would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent jurisdiction. This relief was not sought here. Had it been, the Commissioner would have had to proceed for compliance, in which event the petitioners or the Bromleys might have intervened and asserted their claims."

375 U.S. at 449–450, 84 S.Ct. at 514. In Fitzmartin v. Bingler, 244 F.Supp. 541 (W.D.Pa.1965), the court followed the procedure suggested by the Supreme Court. The action was dismissed as to officers of the Internal Revenue Service. However, the bank was restrained from compliance with the summons until disposition of proceedings by the United States to compel attendance of the witnesses and production of the demanded records.

In the case before us questions are presented as to the standing of appellant to protest production under Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), and Donaldson v. United States, 400 U.S. 517, 91 S. Ct. 534, 27 L.Ed.2d 580 (1971). Inclusion of canceled checks of the taxpayer among the documents sought would seem to give standing, at least as to such checks. However, all these issues can be resolved at hearings in due course on application by appellant for intervention in enforcement proceedings.

Accordingly we find no error in denial by the district court of an injunction against the Internal Revenue Service or its officers. However, an opportunity should be afforded appellant to seek an order restraining the bank from compliance with the summons until such constitutional claims as she has standing to assert have had judicial consideration.

The order dismissing the action is vacated and the matter remanded for further proceedings.