**Antone R. COOK, Plaintiff,**

v.

**UNITED STATES of America et al.,
Defendants.**

**Civ. No. LV 74–140.**

United States District Court,
D. Nevada.

Dec. 27, 1974.

See also, D.C., 387 F.Supp. 1103.

Robert K. Dorsey, Las Vegas, Nev., for plaintiff.

Wiener, Goldwater, Galatz & Waldman, Las Vegas, Nev., for defendant First National Bank of Nev.

V. DeVoe Heaton, U. S. Atty., Las Vegas, Nev., for defendants U.S.A.; Gerald F. Swanson, Dist. Director of IRS; Meldin J. Smith, Sp. Agent, Intelligence Div., U. S. Treasury Dept.

## ORDER

ROGER D. FOLEY, Chief Judge.

### FACTS

On September 25, 1974, Plaintiff Cook filed a Petition and Complaint against the above named defendants, alleging that on September 5, 1974, an Internal Revenue Service Summons was issued upon the bank and credit union, seeking information, copies of accounts, records and checks for the purpose of establishing criminal liability against him. He alleges that Special Agent Smith has obtained, or is seeking to obtain, this information by extortion and threats of criminal prosecution under the Bank Secrecy Act of 1970 and 26 U.S.C. § 7210. He further alleges that he is entitled to an injunction prohibiting the bank and credit union from giving any information about his personal accounts to agents of the Government, and that if any of these agents have obtained such information, he is entitled to have it returned. Cook also seeks an order restraining Smith and Swanson from using the fruits of any information obtained for any purpose, and to suppress any information obtained from the bank and credit union. Plaintiff also sought a temporary restraining order, which was denied by this Court on October 4, 1974. On that same day, this Court also ordered defendants to appear and show cause on November 14, 1974, why a preliminary injunction should not issue.

Defendant First National Bank filed its answer to Cook's Complaint and Petition on October 16, 1974, stating as an affirmative defense that Cook failed to state a claim upon which relief can be granted. Defendant Deseret Federal Credit Union failed to answer.

Defendants United States of America, Swanson, Smith and Treasury Department filed a motion to dismiss them from this action on October 16, 1974. On November 14, 1974, a hearing was conducted on Cook's motion for a preliminary injunction and the Government defendants' motion to dismiss. For the reasons stated herein, it is ordered that the Government defendants' motion to dismiss is granted.

### PERTINENT STATUTORY PROVISIONS

26 U.S.C. § 7602 authorizes the Secretary or his delegate for "the purpose of ascertaining the correctness of any return . . ., determining the liability of any person for any internal revenue tax . . ., or collecting any such liability . . . [t]o summon the person liable for tax . . ., or any person having possession, custody or care of books of account containing entries relating to the business of the person liable for tax . . ., or any other person the Secretary or his delegate may deem proper, to appear . . . and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry . . .."

There is no provision for personal enforcement of the summons by the Secretary or his delegate. If enforcement is desired, he must proceed under Section 7402(b), or the essentially identical statute, Section 7604(a), each of which grants the district courts of the United States jurisdiction "by appropriate process to compel such attendance, testimony, or production."

In discussing this procedure, Donaldson v. United States, 400 U.S. 517, 525, 91 S.Ct. 534, 539, 27 L.Ed.2d 580 (1971), points out:

Thus the summons is administratively issued but its enforcement is only by federal court authority in an "adversary proceeding" affording the opportunity for challenge and "complete protection to the witness."

DISCUSSION

Agents of the Internal Revenue Service have allegedly issued a summons pursuant to 26 U.S.C. § 7602. Plaintiff seeks to prevent them from obtaining any information contained in his accounts at the bank and credit union. The Government defendants move to dismiss, alleging that the sovereign immunity doctrine bars this action, thus depriving this Court of jurisdiction; that the plaintff has an adequate legal remedy, and thus is not entitled to equitable relief; and that this Court lacks jurisdiction to grant the declaratory relief requested by the plaintiff.

The Ninth Circuit was faced with a similar problem in the recent case of Kelley v. United States, 503 F.2d 93 (9th Cir. 1974). There the taxpayer sought to enjoin the enforcement of an IRS summons issued pursuant to Section 7602. The summons commanded her bank to produce all records pertaining to her. Kelley sought an order restraining the bank from granting the IRS access to the records and restraining the IRS from enforcing the summons. The district court dismissed her complaint for lack of jurisdiction and failure to state a claim. Citing Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), the Ninth Circuit held:

> Injunction by a taxpayer will not lie against the Internal Revenue Service or its officers in a situation such as this. A remedy at law exists through intervention of the taxpayer in judicial proceedings brought by the Commissioner in enforcement of his summons. 503 F.2d at 93.

However, the Kelley court was faced with the problem that Kelley's bank had indicated willingness to comply with the summons, thus obviating the necessity for enforcement proceedings. In the instant case, Cook alleges that the IRS agents may already have secured some of the requested information, thus indicating a willingness on the part of the bank and credit union to comply with the summons. With reference to this problem, the Ninth Circuit quoted, 503 F.2d at 94, the following from Reisman:

> Nor would there be a difference should the witness indicate * * * that he would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent jurisdiction. This relief was not sought here. Had it been, the Commissioner would have had to proceed for compliance, in which event the petitioners or the Bromleys might have intervened and asserted their claims. 375 U.S. at 449–450 [84 S.Ct. 508, at 514, 11 L. Ed.2d 459.]

The court in Kelley then examined Fitzmartin v. Bingler, 244 F.Supp. 541 (W. D.Pa.1965), which followed the suggestion set forth in Reisman. In Fitzmartin, plaintiffs sought to enjoin the IRS and their bank from complying with the summons. The IRS had indicated that it was prepared to proceed under Sections 7604(a) and 7402(b) to compel production. Under those circumstances, the action was dismissed as to the IRS agents; however, the bank was restrained from compliance with the summons until disposition of proceedings by the United States to compel attendance of the witnesses and production of the demanded records. 244 F.Supp. at 542.

Relying on this, the Kelley court affirmed the district court's denial of an injunction against the IRS or its officers. However, it held that the plaintiff should be afforded the opportunity to seek an order restraining the bank from compliance with the summons until the IRS sought enforcement of its summons.

The Kelley rationale would appear to be dispositive in the instant action. However, there is the additional demand by Cook for the return of records and docments and for suppression of their use. A similar claim was made in Birdsall v. United States, 272 F.Supp. 308 (S.D. Fla.1967), where plaintiffs filed a complaint to compel the return of tax records and documents and to suppress their use. This information had been obtained pursuant to an IRS summons,

and plaintiffs were seeking a temporary injunction to prevent the Government's use of the records and documents for the purpose of obtaining an indictment against them. In denying the motion for a temporary injunction, the court held:

> No criminal action is now pending against the Plaintiffs. If an indictment should be returned, appropriate motions under the Federal Rules of Criminal Procedure are available to suppress evidence that was wrongfully obtained. 272 F.Supp. at 309.

Here there is no criminal action pending against Cook. If an indictment is returned, he will have the opportunity to obtain appropriate relief by way of motions under the Federal Rules of Criminal Procedure.

CONCLUSION

Based upon the foregoing, it is clear that the motion to dismiss as to the Government defendants should be granted. It is therefore ordered that the motion to dismiss, filed on behalf of the United States of America, Gerald F. Swanson, District Director of Internal Revenue, Melden J. Smith, Special Agent, Intelligence Division, and U. S. Treasury Department, is granted.