**Charles E. RIELY and Janis D. Riely, Plaintiffs,**

v.

**UNITED BANK OF ARIZONA, Defendant.**

**Civ. No. 75–302 PHX (WEC).**

United States District Court, D. Arizona.

July 16, 1975.

---

23.  84 Stat. 1894 (1971).

**558**

Charles E. and Janis D. Riely, plaintiffs pro se.

Carson, Messinger, Elliott, Laughlin & Ragan (Harry M. Beggs), Phoenix, Ariz., for United Bank of Arizona.

## ORDER

CRAIG, Chief Judge.

The plaintiffs are a husband and wife who are proceeding in this action in propria persona. On the 1st of May, 1975, the defendant United Bank of Arizona received a Summons requiring it to turn over to the Internal Revenue Service certain bank records, relating to the above named plaintiffs. On the 5th of May, the defendant bank notified the plaintiffs of the above referred to Summons and its intention voluntarily to comply with it. On May 9, the plaintiffs initiated the instant action, alleging that for the bank to comply with the Internal Revenue Service Summons would result in the violation of plaintiffs' constitutional rights under the "1st, 4th, 5th, 8th, 9th, 10th, 13th, and 14th Amendments"; as well as the pro-visions of "Article IV, Section 2 and under Article VI, Section 1, Clause 2 and 3 of the Constitution." Additionally, the plaintiffs presented an application for the issuance of a temporary restraining order. Since plaintiffs alleged constitutional violations in the Complaint and since plaintiffs alleged that compliance with the Summons would not only violate their alleged constitutional rights, but also would result in immediate and irreparable injury, this court followed the decision of the Ninth Circuit Court of Appeals in *Kelley v. United States*, 503 F.2d 93 (9th Cir. 1974), and granted the requested temporary restraining order. One week later, on May 16, 1975, a hearing was held pursuant to the court's Order to Show Cause why an injunction should not issue. At that hearing, the plaintiffs were provided the opportunity to establish the prima facie validity of their claims that allowing the bank to turn over the records requested in this Summons to the Internal Revenue Service would violate plaintiffs' constitutional rights.

Although the Complaint alleged the violation of numerous constitutional provisions, the pro per plaintiffs' orderly presentation to the court at the May 16 hearing appears to have dealt mainly with a claim of self-incrimination in violation of the 5th Amendment. More specifically, it appears to be plaintiffs' position that they have a protectable proprietary interest in all the records which the bank may have concerning their financial transactions and this interest is contended to be of such a nature that the bank may not relinquish the records to the Internal Revenue Service over plaintiffs' objection. Further, plaintiffs seem to contend that since only they have the authority to authorize the relinquishment of the requested records to the IRS and since they choose not to do so on the basis of their 5th Amendment privilege against self-incrimination, the Internal Revenue Service cannot, by any other means, secure access to the bank records.

Also, briefly mentioned by plaintiffs in support of the issuance of a permanent injunction against compliance with the IRS summons was their contention that the Internal Revenue Service was engaging in a discriminatory application of the federal tax laws in this case, due to their activities in protesting the present federal income tax system. It appears to be a further contention of plaintiffs, that the Internal Revenue Service is conducting its present investigation in an attempt to intimidate the plaintiffs into terminating their present protest activities; hence, violating plaintiffs' 1st Amendment rights.[1]

■ Concerning plaintiffs' first contention, i. e., that plaintiff has such a proprietary interest in the bank's records, that they may assert their 5th Amendment privilege against self-incrimination to prevent the IRS from securing these records, this position seems unsupported by recent court decisions. In *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), the Supreme Court held that a taxpayer had no protectable proprietary interest in employment records held by a past employer. Subsequently, in *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), the Supreme Court held that a taxpayer had no protectable proprietary interest in the financial records he had given his accountant. In this latter decision, the Supreme Court reasoned that "there can be little expectation of privacy where records are handed to an accountant, knowing that mandatory disclosure of much of the information therein is required in an income tax return." Id. at 335, 93 S.Ct. 619. This same reasoning seems equally applicable in the case of records held by a bank. *See United*

States v. Northwest Pennsylvania Bank and Trust Co., 355 F.Supp. 607 (W.D. Pa.1973).

■ Concerning plaintiffs' second contention involving the discriminatory application of the federal income tax laws in an attempt to intimidate the plaintiffs from continuing their activities in protesting the federal tax laws, the recent decision of the 9th Circuit in *United States v. Scott*, 521 F.2d 1188 (1975), appears to be dispositive of that issue. In *Scott*, the defendant was a prominent tax protestor who raised the exact issue which the plaintiffs herein raise. The Court of Appeals held that in order for Scott to be successful on his selective prosecution claims based on the enforcement policy announced in the same Supplement to the IRS Manual which is relevant in the instant action, he must bear the burden of proof in establishing a prima facie case that:

> others similarly situated generally have not been prosecuted for conduct similar to that for which he was prosecuted. Secondly, appellant must show that his selection was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech.

*Id.* at 11. Since the Rielys have not met the first of these two requirements, they have failed to plead and prove a claim for selective prosecution under the holding in *Scott*.

Plaintiff having failed to establish that any of their constitutional rights would be violated by the defendant complying with the IRS Summons:

It is ordered that the application for a preliminary and permanent injunction is denied and the Temporary Restraining Order issued May 9, 1975 is hereby dissolved.

---

1. The other Constitutional provisions which it is alleged in plaintiffs' Complaint would be violated if the bank's records were turned over to the Internal Revenue Service, were not elaborated on either in written memorandum or during plaintiffs' oral argument at the May 16, 1975 hearing. Although the court should give considerable latitude to pro per plaintiffs' pleadings, the court, under the facts of this case, believes itself unable independently to determine how plaintiffs believe these other constitutional provisions to have been violated.

It further is ordered that the Complaint herein is dismissed without prejudice to the plaintiffs to reassert their selective prosecution claim and to attempt to comply with the two-fold requirement set forth in *Scott*. It is observed in passing, however, that the IRS may be an indispensible party to any final resolution of this issue.