Claire KELLEY, Plaintiff-Appellant,

v.

UNITED STATES of America, et al., Defendants-Appellees.

Claire KELLEY, Plaintiff-Cross Appellee,

v.

UNITED STATES of America, Defendant-Cross Appellant.

Nos. 75–3259, 76–1061.

United States Court of Appeals, Ninth Circuit.

June 14, 1976.

Claire Kelley, in pro per.

Alfred S. Lombardi, Asst. U. S. Atty. (argued), Washington, D. C., for respondents.

## OPINION

Before CHAMBERS and WRIGHT, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Appellant seeks review of a district court's denial of injunctive relief which would have prohibited the Bank of America from complying with an Internal Revenue Service summons pursuant to 26 U.S.C. § 7602 for records in possession of the bank relating to her account.

This appeal was presented to us once before. 503 F.2d 93 (9th Cir. 1974). We there affirmed the order of the district court dismissing the action against the IRS but vacated the dismissal as to the bank in order that appellant might have an opportunity "to seek an order restraining the bank from compliance with the summons until such constitutional claims as she has standing to assert have had judicial consideration." 503 F.2d at 94.

On remand, the district court again denied relief, relying on *Garrett v. United States*, 511 F.2d 1037 (9th Cir. 1975), for the proposition that appellant was without standing to contest the summons. The court did, however, enjoin the Internal Revenue Service from using the materials obtained as a result of the summons as the basis for either recommending or bringing a criminal tax action against appellant. The government cross-appeals from this part of the order.

█ We agree with the district court that the summons does not invade appellant's protectable Fourth or Fifth Amendment interests. In *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), the Court considered a taxpayer's challenge of a summons issued to his accountant for production of the taxpayer's business records. In rejecting the claim, the Court noted that there was neither a legitimate expectation of privacy in the materials sought nor any governmental compulsion against the person of the taxpayer. *Couch, supra* at 336, 93 S.Ct. 611.

Appellant's claim must be rejected for the same reason. The Court has recently ruled adversely to her claimed expectation of privacy with regard to the bank records.

Even if we direct our attention to the original checks and deposit slips, rather than to the microfilm copies . . . we perceive no legitimate "expectation of privacy" in their contents. The checks are not confidential communications but negotiable instruments to be used in commercial transactions. All of the documents obtained, including financial statements and deposit slips, contain only in-

---

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

formation voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business.

*United States v. Miller*, —— U.S. ——, 96 S.Ct. 1619, 1623, 48 L.Ed.2d 71 (1976).

Here, too, any governmental compulsion was directed at the bank, not appellant. Thus, the summons does not violate either her Fourth or Fifth Amendment rights.

■ The contention that the summons infringes upon her First and Ninth Amendment rights is entirely without support. She has failed to indicate with any particularity, despite numerous opportunities to do so, how the bank's compliance with the summons will improperly affect these rights. Her allegation that the bank's compliance will result in harassment of her business suppliers and clients resulting in loss of business is also unsupported speculation which cannot serve as the basis for thwarting the summons.

■ Several other contentions of the appellant must be rejected. She is not entitled to notice from the bank when it receives the summons. *See Miller, supra* 96 S.Ct. at 1624. Her claim that the summons is a result of discriminatory enforcement against tax protesters fails for lack of proof. *United States v. Oaks*, 527 F.2d 937 (9th Cir. 1975). Finally, the district court properly rejected her legally frivolous motion to have the Internal Revenue Service audited.

■ Despite the district court's earlier dismissal of the Internal Revenue Service and this court's approval, the court enjoined the Service from using the materials obtained from the bank as the basis for recommending or prosecuting criminal charges against appellant. The government's cross-appeal from this portion of the order is well taken.

[U]nder § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution.

*Donaldson v. United States*, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971).

■ There is no evidence in the record to suggest that the investigation was undertaken in bad faith or after a decision had been made to proceed criminally. Moreover, having already determined that the Internal Revenue Service was not properly before the court and that the appellant did not have any protectable constitutional interest upon which to maintain her suit, the district court did not have jurisdiction to limit the Service's use of the bank records.

The order of the district court is affirmed in so far as it dismissed appellant's action. The remainder of the order is vacated.