Daniel J. CALLAHAN

v.

**FIRST PENNSYLVANIA BANK.**

Misc. No. 76–357.

United States District Court,
E. D. Pennsylvania.

Nov. 23, 1976.

Daniel J. Callahan, pro se.

## MEMORANDUM OPINION

LUONGO, District Judge.

On September 28, 1976, the Internal Revenue Service (IRS) served upon the First Pennsylvania Bank a summons directing the Bank to deliver to the IRS copies of all of its records and documents relating to petitioner Daniel J. Callahan. The Bank informed petitioner of the summons and advised him that it was required to comply unless petitioner obtained a restraining order. Petitioner then filed this *pro se* petition to restrain the Bank from complying with the summons. This court has jurisdiction under 28 U.S.C. § 1340.

The IRS summons was issued pursuant to the Internal Revenue Code, 26 U.S.C. § 7602, which provides:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

The summons may only be enforced by a District Court order obtained by the IRS pursuant to 26 U.S.C. §§ 7402(b) or 7604. If the summons is directed to the taxpayer, and if he wishes to challenge it, he need only refuse to comply, forcing the IRS to initiate enforcement proceedings, at which time the taxpayer has the opportunity to be heard by the court. This procedure, however, provides no recourse to the taxpayer if the summons is directed to a third party, such as a bank, which is willing to comply without challenge.

This problem was addressed by the Supreme Court in *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). In *Reisman,* the Court upheld a refusal to enjoin an IRS summons issued to a third party on the ground that the summons enforcement proceedings authorized by §§ 7402(b) and 7604 provided an adequate remedy at law by means of which any aggrieved party could challenge the summons. It then added:

"Nor would there be a difference should the [third party] witness indicate . . . that he would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent

jurisdiction. This relief was not sought here. Had it been, the Commissioner would have had to proceed for compliance, in which event the . . . [taxpayers] might have intervened and asserted their claims."

*Id.* at 449–50, 84 S.Ct. at 514. Thus, rather than enjoining issuance or enforcement of the summons itself, the taxpayer's remedy is to restrain compliance with the summons by the third party, thereby compelling institution of enforcement proceedings. Of course, the taxpayer's right to intervene in the enforcement proceedings is not assured. *See Donaldson v. United States,* 400 U.S. 517, 527–30, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Nevertheless, the taxpayer will at least be afforded a hearing as to whether his intervention is appropriate. At that hearing, the taxpayer's objections to the summons may be presented. *Kelley v. United States,* 503 F.2d 93 (9th Cir. 1974); *Bowser v. First National Bank of Oakland,* 390 F.Supp. 834 (D.Md.1975); *Cook v. United States,* 387 F.Supp. 1100 (D.Nev.1974); *Fitzmartin v. Bingler,* 244 F.Supp. 541 (W.D.Pa.1965).

Petitioner seeks to raise a number of objections to the IRS summons. Some of these are on very questionable grounds. *See, e. g., United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) (rejecting a Fourth Amendment objection); *Donaldson, supra* 400 U.S. at 532–36, 91 S.Ct. 534 (setting forth stringent criteria for a successful objection based upon the contention that the IRS seeks the material for the improper purpose of obtaining evidence in a criminal prosecution). *See also Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973) (rejecting a self-incrimination objection).

■ The United States Attorney was notified of the filing of this *pro se* petition to restrain the Bank from complying with the summons, and he has raised questions as to the taxpayer's standing to object to the summons. Since IRS is not a party to this suit, some question might be raised as to its standing to raise the question of taxpayer's standing in the suit against the Bank. Be

that as it may, the taxpayer should have the opportunity to be heard. He asserts that the IRS' purposes in issuing the summons are improper. Questions of the taxpayer's standing, and of the propriety or impropriety of the issuance of the summons can all be resolved in the summons enforcement proceedings. *Kelley, supra* at 94; *Bowser, supra.*

The petition for an order restraining the Bank from complying with the summons will be granted until an order of compliance in enforcement proceedings has been entered by a court of competent jurisdiction.