719 F.2d 300
 Fed. Sec. L. Rep. P 99,565
JERRY T. O'BRIEN, INC., doing business as Pennaluna & Co.,
et al., Plaintiffs-Appellants,
v.
SECURITIES AND EXCHANGE COMMISSION, et al., Defendants-Appellees,
and
Harry F. MAGNUSON and H.F. Magnuson & Company,
Cross-Plaintiffs-Appellants,
v.
SECURITIES AND EXCHANGE COMMISSION, et al.,
Cross-Defendants-Appellees.
 Nos. 82-3108, 82-3109 and 82-3185.
 United States Court of Appeals,
Ninth Circuit.
 Decided Sept. 30, 1983.
 
 Linda D. Fienberg, S.E.C., Washington, D.C., for defendants-appellees.
 William D. Symmes, Witherspoon, Kelley, Davenport & Toole, Spokane, Wash., for cross-plaintiffs-appellants.
 C. Dean Little, Lesourd, Patten, Fleming, Hartung & Emory, Seattle, Wash., for plaintiffs-appellants.
 ORDER
 Before SKOPIL, PREGERSON, and FERGUSON, Circuit Judges.
 
 
 1
 The panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 2
 The full court has been advised of the suggestion for rehearing en banc and an active judge called for an en banc vote. The matter failed to receive the vote of a majority of the active judges in favor of en banc consideration. Federal Rule 35(b).
 
 
 3
 The petition for rehearing is denied, 704 F.2d 1065, and the suggestion for rehearing en banc is rejected.
 
 
 4
 KENNEDY, Circuit Judge, with whom SNEED, ANDERSON, POOLE, and NORRIS, Circuit Judges, join, dissenting from denial of rehearing en banc:
 
 
 5
 Our court, once again, gives a simple shrug when requested to invoke the short en banc procedure permitted us by Congress. 28 U.S.C. Sec. 46(c), (d). We decline to review a panel decision that is novel, of vast importance, and, in my view, most erroneous. Our refusal to review panel decisions of this type imposes an unnecessary burden on the Supreme Court. I dissent from the failure of the court to consider the case en banc.
 
 
 6
 The rule set forth by the panel opinion goes beyond any reasonable interpretation of the Supreme Court's opinions in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); is an unwarranted extension of, if not in open conflict with, our own opinions in Kelley v. United States, 536 F.2d 897 (9th Cir.1976), cert. denied, 429 U.S. 1047, 97 S.Ct. 756, 50 L.Ed.2d 762 (1977), and Howfield, Inc. v. United States, 409 F.2d 694 (9th Cir.1969); and is an improper intrusion on the administrative function.
 
 
 7
 There is no principled basis for confining the panel holding to the context of an SEC investigation. It threatens to compromise government investigations by most agencies. Not only will wrongdoers be provided a new instrument of obstruction or delay, but also employees and others subject to reprisals will be chilled from cooperating with investigators. Under the panel decision, government agencies will find it increasingly difficult to conduct confidential, nonpublic investigations in which actual targets are not discovered until a number of subpoenas have been served. Agencies may instead be forced to articulate premature conclusions about potential targets.
 
 
 8
 The panel decision should have been taken en banc.