**WOODROW F. MORGAN, INC. (doing business as Z. Wafa Assad), Plaintiff,**

v.

**UNITED STATES of America and Compucraft, Defendants.**

Civ. No. S–87–0925 MLS.

United States District Court, E.D. California.

June 26, 1987.

Edward B. Simpson, John Gigounas, Simpson & Gigounas, San Francisco, Cal., for plaintiff.

David F. Levi, U.S. Atty., Yoshinori H.T. Himel, Asst. U.S. Atty., Sacramento, Cal., for defendant U.S.

Martin A. Schainbaum, San Francisco, Cal., for defendant Compucraft.

## MEMORANDUM AND ORDER

MILTON L. SCHWARTZ, District Judge.

On June 24, 1987, plaintiff filed a petition to quash an Internal Revenue Service (IRS) summons issued to defendant Compucraft. The summons ordered Compucraft to produce all records relating to the processing of tax information from and for plaintiff's business ("Z. Wafa Assad") for the years 1985 and 1986. Plaintiff is a tax return preparation and management service business which uses the services of Compucraft to process tax return information and prepare tax return forms for its clients. Plaintiff seeks a temporary restraining order restraining Compucraft from complying with the summons and a temporary restraining order enjoining the United States from pursuing the summons. The following constitutes the court's ruling on plaintiff's applications for temporary restraining orders.

*Temporary Restraining Order Standard*

At the outset, the court notes that there has been very limited discussion regarding the appropriate standard to be applied in a temporary restraining order determination. Indeed, the only discussion in the Ninth Circuit appears to be the standard set forth by Judge Ferguson in his dissent in *Los Angeles Unified School District v. United States District Court,* 650 F.2d 1004 (9th Cir.1981). There it was suggested that the same standard used in the preliminary injunction context is applicable, namely, whether the moving party can show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in his favor. *Id.* at 1008. "The irreducible minimum, however, is that the moving party demonstrate a 'fair chance of success on the merits' or 'questions ... serious enough to require litigation.' ... 'No

chance of success at all ... will not suffice.'" *Sports Form, Inc. v. United Press Int'l, Inc.,* 686 F.2d 750, 753 (9th Cir.1982) (quoting *Benda v. Grand Lodge of International Association of Machinists & Aerospace Workers,* 584 F.2d 308, 315 (9th Cir.1978)). However, because of the severe time constraints which are often present when hearing a temporary restraining order, the resulting difficulty in gathering facts, and the temporary nature of the relief which can be afforded, the factual showing required to satisfy the above standard should frequently be less exacting for a temporary restraining order than when a preliminary injunction is sought.

Plaintiff has advanced three arguments in support of its application for temporary restraining orders. First, it argues that the IRS summons violates 26 U.S.C. § 7609(f)'s provisions relating to "John Doe" summonses. Second, plaintiff argues that it is entitled to an injunction under *Kelley v. United States,* 503 F.2d 93 (9th Cir.1974). Finally, plaintiff contends that it is entitled to the general protections of 26 U.S.C. § 7609 because Compucraft is an "accountant" within the meaning of section 7609(a)(2).

*Background on IRS Summonses*

Under 26 U.S.C. § 7602, the IRS has authority during the course of an investigation to determine the tax liability of a person "to examine any books, papers, records or other data" which may be relevant or material to the investigation. 26 U.S.C. § 7602(a)(1). This includes not only the right to examine records in the possession of the taxpayer, but also the authority to issue a summons to "any person having possession or custody of records" relating to the business of the person under investigation. 26 U.S.C. § 7602(a)(2). *See generally* S.Rep. No. 938–Part I, 94th Cong.2d Sess. 367–68, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3439, 3796–97 (Senate Report).

In 1976, Congress amended the Internal Revenue Code to require that the IRS notify taxpayers of the issuance of summonses to specified kinds of third-party recordkeepers. Senate Report at 369. Section 7609(a)(1) now provides that:

(a) Notice.—

(1) In general.—If—

(A) any summons ... is served on any person who is a third-party recordkeeper, and

(B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right ... to bring a proceeding to quash the summons.

Section 7609(a)(3) defines third-party recordkeepers as including banks, savings and loans, credit unions, brokers, consumer reporting agencies, attorneys and accountants.

Section 7609 goes on to impose additional requirements in the case of "John Doe" summonses:

(f) Additional requirement in the case of a John Doe summons.—Any summons ... which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liabil-

ity the summons is issued) is not readily available from other sources. 26 U.S.C. § 7609(f). "John Doe" summonses typically involve a situation in which the IRS has knowledge of a particular transaction or transactions which may affect tax liability but does not know the identity of the person involved. Senate Report at 372; see also *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 315–24, 105 S.Ct. 725, 729–33, 83 L.Ed.2d 678 (1985).

*Does this case involve a "John Doe" summons?*

■ Plaintiff contends that the IRS summons seeks information on unidentified persons or entities (*i.e.* plaintiff's clients) and therefore is a "John Doe" summons subject to the requirements of section 7609(f). The summons in this case (attached as Appendix A) is not a "John Doe" summons under Ninth Circuit law. The summons identifies plaintiff as the taxpayer being investigated. In this respect, this case is similar to *Liberty Financial Services v. United States*, 778 F.2d 1390 (9th Cir.1985), in which the IRS instituted an investigation to determine whether plaintiff had engaged in promoting abusive tax shelters. *Id.* at 1391. In conjunction with this investigation, the IRS served a third-party recordkeeper summons on Wells Fargo Bank pursuant to 26 U.S.C. section 7609. *Id.*

The Ninth Circuit found that:

Liberty is the party under investigation and it is named in the summons. Thus, even assuming that the summons was served for the dual purpose of investigating both the tax liability of Liberty and also of unnamed parties, the IRS need not comply with section 7609(f) "as long as all the information sought is relevant to a legitimate investigation of the summoned taxpayer." *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 105 S.Ct. 725, 733, 83 L.Ed.2d 678 (1985); *United States v. Balanced Financial Management, Inc.*, 769 F.2d [1440] ... 1449 [ (10th Cir.1985) ]. We are satisfied that the summons here meets this requirement.

*Id.* at 1393. Thus, even if the summons in the case before this court was issued for the dual purpose of investigating plaintiff *and* his clients, the provisions of section 7609(f) do not apply as long as plaintiff is identified in the summons. *See also Tiffany*, 105 S.Ct. at 730–33.

*Does plaintiff have a right to injunctive relief under Kelley?*

In *Kelley v. United States*, 503 F.2d 93 (9th Cir.1974) (per curiam), which was a pre-section 7609 case, appellant contended that her bank's compliance with a third-party summons would violate her rights under the fourth and fifth amendments. *Id.* The Ninth Circuit held that a taxpayer cannot obtain an injunction against the IRS which restrains it from enforcing the summons. *Id.* The court held, however, that the taxpayer should be afforded an opportunity upon remand to seek an order restraining the bank from complying with the summons until such constitutional claims receive judicial consideration. *Id.* at 94.

■ The problem is that the Ninth Circuit has since expressly held that there is no general law "notice" requirement independent of the limited statutory requirements of section 7609. *Chen Chi Wang v. United States*, 757 F.2d 1000, 1004 (9th Cir.1985). In short, there is no constitutional requirement that federal administrative agencies notify "targets" of non-public investigations when the agency issues subpoenas to third parties. *Id.* (citing to *S.E.C. v. O'Brien*, 467 U.S. 735, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984)). The Ninth Circuit therefore affirmed the dismissal of plaintiff's petition to quash the summons in *Chen*. *Id.*

*Does plaintiff have a right protected under section 7609?*

Under *Chen* and *O'Brien*, if plaintiff has a right to quash the IRS summons, that right must derive from section 7609. Under that section, a taxpayer is entitled to notice of a summons if the summons is served upon a third-party recordkeeper as defined in section 7609(a)(3). *Chen*, 757 F.2d at 1003. This subsection lists seven categories of third-party recordkeepers in-

cluding "any accountant." *Id.* (referring to 26 U.S.C. § 7609(a)(3)(F)).

Plaintiff contends that Compucraft is an accountant and is therefore a third-party recordkeeper within the meaning of 26 C.F.R. § 301.7609–2(a)(1). That regulation defines an accountant as a person who is "registered, licensed or certified under state law as an accountant." 26 C.F.R. § 301.7609–2(a)(1). Plaintiff argues that Compucraft should be considered an accountant because its tax accounting services use "computer software which was developed and/or structured through accountants licensed under state law." Declaration of Edward B. Simpson, filed June 24, 1987.

Such an argument is extremely tenuous in light of the Ninth Circuit's decision in *Chen* that tax return preparers are *not* accountants within the meaning of 26 C.F.R. § 301.7609–2(a)(1). *See* 757 F.2d at 1003–04. In *Chen,* the court noted that Congress, by narrowing the concept of third-party recordkeepers to seven categories in section 7609(a)(3), indicated its intent that there be precise limits on the classes of persons who would be considered third-party recordkeepers. *Id.* at 1003. According to the court, the fact that a person performs some of the functions of an accountant (e.g., tax preparation) does not make that person an accountant.

█ Similarly, just because a computer performs some of the functions of an accountant, does not make the computer (or its owner) an accountant—even if the computer software package has been programmed under the supervision of a licensed accountant.

Finally, the court in *Chen* observed that:

In formulating the third party recordkeeper categories in Section 7609, Congress sought to balance the taxpayer's right to privacy with the need of the IRS to conduct legitimate and effective investigations. House Rep. No. 94–658, 94th Cong., 2d Sess. 307, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3203; S.Rep. No. 94–938, 94th Cong., 2d Sess. 368, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3439, 3797. In interpreting § 7609, the Secretary eliminated ambiguities in the term "accountant" which could otherwise be exploited by taxpayers to impede proper tax investigation. Moreover, as the district court points out, "[i]f Congress had intended to include tax return preparers within the scope of § 7609(a)(3) it would have used the phrase or referred to § 7701(a)(36)(A) [defining tax return preparer]."

*Id.* at 1004. Finding that the use of computer software qualifies one as an accountant for the purposes of section 7609(a)(3) would create ambiguities which could be exploited by taxpayers to impede proper tax investigation.

In light of *Chen,* this court cannot find that plaintiff is a third-party recordkeeper within the meaning of section 7609(a)(3). Consequently, plaintiff is entitled to none of the protections of section 7609 and there is a very serious question as to whether this court has subject matter jurisdiction over this case under 26 U.S.C. § 7609(h)(1). *See Chen,* 757 F.2d at 1002 (district court dismissed petition to quash for lack of subject matter jurisdiction).

*Conclusion*

Consequently, the court finds that plaintiff has failed to demonstrate the "fair chance of success on the merits" or "questions serious enough to require litigation" necessary for the issuance of a temporary restraining order. Therefore, plaintiff's application for temporary restraining orders against both defendants in this case is DENIED.

294

APPENDIX A

JUN 23 '87 14:58 EPSTEIN & FRIEDMAN                                    P.2

# Summons  Department of the Treasury
Internal Revenue Service

In the matter of _____ **S. Wafa Assad**

Internal Revenue District of __**Sacramento, CA**__    Periods  __**1985, 1986, 1987**__

The Commissioner of Internal Revenue

To  **Computraft Data Services** *Jane Smith,*
      **6770 Folsom Blvd.**        *Branch Mgr.*
At  **Sacramento, California**

You are hereby summoned and required to appear before __**Special Agent Jacqueline L. Collins**__   *7132-4*

an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

*All records relating to the processing
of tax information from and for Z. Wafa
Assad, SSN 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 for the
tax years 1985 & 1986, including but not
limited to the following:*

  *1. Income Tax Service Agreements*
  *2. Client List for 1986 filing*
  *3. Summary of clients by Social Security*
     *Number*
  *4. Transmittal forms*

Business address and telephone number of Internal Revenue Service officer named above:

__**Internal Revenue Service 801 "I" Street, Rm 490  Sacramento, CA 916 551-1264**__

Place and time for appearance:
at __**your place of business**__

on the __**26**__ day of *May*, 19 **87** at __*3*__ o'clock *P*_M.

Issued under authority of the Internal Revenue code this *8* day of *June*, 19 **87**

_____                    __**Special Agent**__
     Signature of Issuing Officer                         Title

_____                    _____
Signature of Approving Officer (If applicable)           Title

Part A — To be given to person summoned                    Form 2039-A (Rev. 12-83)