**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Marcus GARDINER, Defendant-Appellant.**

No. 75–2369.

United States Court of Appeals, Ninth Circuit.

March 5, 1976.

Rehearing and Rehearing En Banc Denied April 16, 1976.

Laverne Hollenbeck, Portland, Or., for defendant-appellant.

William Marcus Gardiner, in pro. per.

Sidney I. Lezak, U. S. Atty., Marc Blackman, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

## OPINION

Before TRASK and GOODWIN, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM:

This is a direct appeal by William Marcus Gardiner, in propria persona, from a judgment of conviction following a jury verdict for failure to file federal income tax returns, 26 U.S.C. § 7203, and for supplying a false withholding certificate, 26 U.S.C. § 7205.

During the calendar years 1970 and 1971, the appellant was employed by radio station KNPT in Newport, Oregon. During 1970, he received wages from this employment in the amount of $9,108.71; during 1971, he received wages in the amount of $10,881.80. For each of those years, the appellant's wife filed individual income tax returns as a married taxpayer filing separately.

For the calendar year 1970, Gardiner mailed a Form 1040 to the Internal Revenue Service (IRS), which was blank in all respects except for the words: "Under protest, I plead the Fifth Amendment to the United States Constitution." Appellant was notified by the IRS that this form did not constitute a return as required by law. No return was thereafter filed for the year 1970. He filed no return at all for the year 1971. On July 1, 1972, he filed a certificate seeking an exemption from withholding wages for tax purposes, claiming he incurred no liability for taxes in 1971. Additionally, Gardiner was an outspoken critic of the Internal Revenue laws and a self-proclaimed advisor to the Tax Rebellion Committee. In a series of letters to the IRS and to Treasury Department personnel, he indicated his intention to refuse to comply with the income tax laws. He essentially believes that the federal tax laws are unconstitutional and that no constitutional money has circulated since the late 1960's.

After a jury trial during which he was represented by a public defender, he was found guilty, judgment was entered, and this appeal followed. We affirm.

■ Gardiner first argues that his prosecution was unconstitutionally selective, as it was because of his expressed views that the IRS decided to prosecute him. The plain fact is that appellant was in clear violation of the law and the authorities had no choice but to prosecute him. In order to show selective prosecution, the appellant must

"first demonstrate that others similarly situated generally have not been prosecuted for conduct similar to that which he was prosecuted. Secondly, appellant must show that his selection was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech." *United States v. Scott,* 521 F.2d 1188, 1195 (9th Cir. 1975); *see United States v. Oaks,* 527 F.2d 937, 940 (9th Cir. 1975).

Gardiner has made no showing which would bring him within these criteria. Furthermore, "[i]t is not surprising that the government might prosecute those cases in which the violations of the tax laws appeared most flagrant." *United States v. Scott, supra* at 1195.

■ He next argues that because a juror was approached by a spectator, a mistrial should have been declared. The spectator told the juror during a recess that he hoped the juror would not go along with the Communistic income tax laws. The juror immediately notified the judge who promptly

---

* Honorable Jesse W. Curtis, Senior United States District Judge, Central District of California, sitting by designation.

and carefully satisfied himself that no prejudice to Gardiner had resulted or contamination of the jury had occurred. The claim is groundless.

 Gardiner next asserts that he was not subject to the jurisdiction of the IRS because he did not receive "money" in 1970 and 1971 as the Federal Reserve Notes he received were not lawful money. Such an argument has been summarily found to be without merit, *United States v. Scott*, 521 F.2d 1188, 1192 (9th Cir. 1975); *cf. Milam v. United States,* 524 F.2d 629 (9th Cir. 1974), and we so find here. His other arguments are of even lesser merit and the judgment is therefore

Affirmed.