UNITED STATES of America,
Plaintiff-Appellee,

v.

Gerald S. HURD, Defendant-Appellant.

No. 76–2192.

United States Court of Appeals,
Ninth Circuit.

Jan. 12, 1977.

---

Gerald S. Hurd, pro se.

Jerald E. Olson, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

## OPINION

Before WRIGHT and GOODWIN, Circuit Judges, and INGRAM,* District Judge.

PER CURIAM.

A jury found the defendant guilty on two counts of failing to file income tax returns [26 U.S.C. § 7203 (Supp.1976)]. At trial he chose to represent himself and had the assistance of a court-appointed legal advisor. He appears pro se in this appeal.

During the years in question, Hurd was a self-employed roofing contractor. His gross income for 1971–1972 was established by the bank deposits method of proof. Several customers testified that Hurd had performed work for them during those years.

■ Of the errors urged on appeal, none deserves serious consideration. On the fifth day of trial, the defendant filed an affidavit of prejudice against the trial judge. He was much too late. The statute provides that an affidavit of prejudice should "be filed not less than ten days before the beginning of the term at which the proceeding is to be heard." 28 U.S.C. § 144. At the time of arraignment, the district judge invited Hurd to follow the appropriate procedure. Instead, five months passed before he acted. The judge properly refused to recuse himself. In any event, the affidavit of prejudice was wholly inadequate to demonstrate bias or prejudice.

■ There was no error in the denial of the defendant's motion for inspection of the

---

* Honorable William A. Ingram, United States District Judge of the Northern District of California, sitting by designation.

**120**

jury list. The motion was filed but not timely served or noted for hearing. Nonetheless, the court considered it on the first day of trial and denied it because it was untimely. The ruling was clearly appropriate. *People of Territory of Guam v. Palomo,* 511 F.2d 255 (9th Cir. 1975).

 There was no error in the trial court's refusal to excuse for cause a prospective juror whose wife was employed as a property clerk with the Internal Revenue Service. The juror had stated that his wife's work was unrelated to collections and that he would not be influenced in his deliberations. In the absence of a showing of actual bias the fact that a juror or his spouse is employed by the federal government does not disqualify him. *United States v. LePera,* 443 F.2d 810 (9th Cir.), *cert. denied,* 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971). There was no abuse of the trial judge's broad discretion in this area.

During the trial the defendant distributed to the jurors a pamphlet of which he claimed authorship and which he said was "intended to straighten [the jury] out and unbrainwash them." He now claims that the court erred in advising the jury that it was improper for anyone to communicate with a juror during the course of the trial. The defendant's attempt to find error in the court's comment is absurd.

The trial court excluded evidence offered by the defendant to the effect that Federal Reserve Notes did not constitute legal tender. The ruling was clearly proper. *United States v. Wangrud,* 533 F.2d 495 (9th Cir. 1976). The court was also correct in rejecting the defendant's proferred evidence to the effect that the system of taxation was based on voluntary compliance. *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976).

The use of evidence obtained by a subpoena of Hurd's bank records was clearly proper. *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976), and *Kelley v. United States,* 536 F.2d 897 (9th Cir. 1976).

In his reply brief, for the first time, Hurd charges the government with selective prosecution. The claim comes too late but has no merit in any event. Hurd has failed his burden of making a prima facie case under the standard which we have prescribed in a series of recent decisions. *United States v. Gardiner,* 531 F.2d 953, 954 (9th Cir. 1976).

Appellant's other contentions are wholly without merit. The judgment of conviction is affirmed.