GEORGE L. COWARDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cowarde v. Commissioner
Docket No. 13129-78.
United States Tax Court
T.C. Memo 1979-228; 1979 Tax Ct. Memo LEXIS 300; 38 T.C.M. (CCH) 914; T.C.M. (RIA) 79228; June 11, 1979, Filed *300 George L. Cowarde, pro se. Michael A. Yost, Jr., for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a motion pursuant to Rule 40 of this Court's Rules of Practice and Procedure to dismiss the petition for failure to state a claim on which relief can be granted in this case involving determined deficiencies in income tax for 1975 and 1976 in the amounts of $2,717.43 and $3,845.30, respectively. The petition does not contain any assignments of error or allegations of fact with respect to te merits of respondent's determination. Instead it alleges: The income tax violates the U.S. Constitution Article 1 Section 10, Article 1, Section 8 and amendment 1-3-4-5-10-14-16. According to Federal law the IRS. Code, and the U.S. Constitution I have earned no lawful money and owe no taxes. I demand a complete refund of all my federal reserve notes which are not money but a [illegible] of buying power which have been illegally taken from me. If these Notes are not refunded to me within 3 months after this filing date I with the help of certain tax Protestors, which I do not care to Name will file suit in Federal Court *301 in an attempt to collect this refund. Respondent's motion to dismiss, filed January 11, 1979, was first ordered for hearing in Washington, D.C., on February 28, 1979, and the order setting the hearing states that "the petitioner may on or before February 13, 1979, file a proper amended petition." No such amended petition was filed within the prescribed time. Petitioner on February 12, 1979, filed a request that the place of trial be changed to Pittsburgh, Pennsylvania. At a hearing on the motion in Pittsburgh, Pennsylvania, on April 23, 1979, petitioner presented a long series of constitutional arguments with respect to the Internal Revenue Service, the United States Tax Court, and the power of Congress to prescribe the type of money that will be acceptable as legal tender. The arguments presented by petitioner have been considered and rejected by the courts on numerous occasions, see, e.g., United States v. Gardiner,531 F.2d 953 (9th Cir. 1976), cert. denied 429 U.S. 853 (1976); United States v. Daly,481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); Cupp v. Commissioner,65 T.C. 68 (1975), *302 affd. per order (3d Cir., June 10, 1977). We conclude that the petition does not allege grounds on which relief can be granted, and petitioner has been given ample opportunity to amend his petition to assign errors which he may think were made in respondent's determination. This he has failed to do. To reflect the foregoing, An appropriate order will be issued.