BUSHNELL BEST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
Best v. Commissioner
Docket No. 2511-80.
United States Tax Court
T.C. Memo 1981-251; 1981 Tax Ct. Memo LEXIS 495; 41 T.C.M. (CCH) 1562; T.C.M. (RIA) 81251; May 21, 1981. Bushnell Best, pro se. Willie Fortenberry, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: The Commissioner determined the following deficiencies in petitioner's Federal income taxes: Addition to
Addition to
tax under
tax under
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1973
$ 3,255.32
$ 1,627.66
$ 104.21
1974
3,921.03
1,960.52
125.17
1975
4,361.28
2,180.64
188.17
1976
6,981.27
3,490.64
260.02
1977
3,915.00
1,957.50
139.33
1978
178.00
89.00
*496 The only issue remaining is whether or not during the years in issue there were underpayments of tax that were due to fraud within the meaning of section 6653(b). [1]
FINDINGS OF FACT Petitioner was employed as a professional engineer with International Business Machines Corporation (IBM) in Pough-keepsie, New York, from 1962 until his retirement at the end of 1977. He filed timely Federal income tax returns for the taxable years, 1966 through 1971, but filed no Federal tax returns for the years 1972, 1973, 1974, 1975, 1976, and 1978. Petitioner filed a timely 1977 Federal individual income tax return containing sufficient information from which his tax liability could be determined. Nevertheless, on his 1977 return, petitioner included a statement that he was refusing to submit certain information, claiming to do so would violate his rights under the Fourth and Fifth Amendments to the United States Constitution. He also included an attachment stating that "I do not wilfully pay taxes * * *." During all of the years in issue (1973 through 1978) petitioner filed *497 New York state income tax returns. From 1974 through 1978 petitioner received wage and tax statements (Forms W-2) from IBM showing the following wages paid: Taxable Year
in Which Wages
Amount
Year Form W-2
Were Paid
Wages
1974
1973
$ 20,267.60
1975
1974
21,408.40
1976
1975
21,963.90
1977
1976
22,721.40
1978
1977
15,815.75
Petitioner received the following pension income during 1978 and 1979 reflected on Form W2-P: Taxable Year
Year Form W2-P
in Which
Amounts of
Received
Pension Paid
Pension Paid
1978
1977
$ 1,579.90
1979
1978
3,791.76
For the years 1972 through 1978 petitioner filed Exemption and Withholding Certificates (Forms W-4E) representing that he had incurred no Federal income tax liability for the previous year and that he anticipated he would incur no Federal income tax liability for the year with respect to which the forms were filed. On July 13, 1978, petitioner was convicted in the United States District Court for the Southern District of New York of filing fraudulent withholding exemption certificates in the years 1975 and 1976 in violation of section 7205. OPINION Petitioner has *498 throughout these proceedings--from the filing of the petition through various statements filed during the pendency of this proceeding and in his statements at trial--advanced various vague constitutional infirmities as the basis of his case. In the only concrete ground he advances, he denies the money he received is currency under the Constitution that is subject to the income tax. On this issue, petitioner has been here before (for the tax year 1972), and the opinion we issued therein ( Best v. Commissioner, T.C. Memo. 1977-22 at p. 3), contains words that bear repeating: Any suggestion by petitioner that Federal Reserve Notes do not constitute dollars for purposes of the Federal taxing statutes is plainly without merit. United States v. Gardiner, 531 F.2d 953 (9th Cir. 1976); Loren R. Gajewski, 67 T.C. 181 (1976); Edward A. Cupp, 65 T.C. 68 (1975), on appeal (3rd Cir. July 26, 1976). Furthermore, while we do have a self-assessment system, it does not mean that each individual citizen can pay or not pay his tax as he chooses. Each individual must calculate his tax with reference to the revenue laws passed by *499 Congress. If he is dissatisfied with the tax statutes as they apply to him or those similarly situated, Congress and not the Courts is the proper forum to seek relief. [foonote reference omitted.] Accordingly at trial we granted respondent's motion for summary judgment on the basic deficiency and the addition to tax under section 6654, leaving only the issue of fraud under section 6653(b) for our resolution. Section 6653(b) imposes a 50 percent addition to tax for a year in which any part of the underpayment of tax is due to fraud. The existence of fraud is a question of fact which must be ascertained by an evaluation of all the facts of the case. Stone v. Commissioner, 56 T.C. 213, 224 (1971); Stratton v. Commissioner, 54 T.C. 255, 284 (1970). The burden is on the respondent to prove the existence of fraud by clear and convincing evidence. Section 7454(a); Rogers v. Commissioner, 111 F.2d 987, 989 (6th Cir. 1940), affg. 38 B.T.A. 16 (1938); Stratton v. Commissioner, supra, at 284. Respondent must prove that petitioner acted with the specific intention of evading a tax believed to be *500 owing. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939). This intention may be inferred from circumstantial evidence such as proof of conduct calculated to mislead or conceal. Beaver v. Commissioner, 55 T.C. 85, 92-93 (1970); Pigman v. Commissioner, 31 T.C. 356, 370 (1958). It is not necessary for respondent to prove how much of the underpayment for a particular year was due to fraud since the addition to tax under section 6653(b) applies to every year for which any portion of an underpayment is due to fraud. Drybrough v. Commissioner, 238 F.2d 735 (6th Cir. 1956), remanding 23 T.C. 1105 (1955); Smith v. Commissioner, 32 T.C. 985 (1959). Respondent seeks to carry his burden of proof partly through admissions deemed admitted under Rule 90. Although the failure of petitioner to properly prosecute the case does not relieve respondent of his burden of proof, ( Miller-Pocahontas Coal Co. v. Commissioner, 21 B.T.A. 1360 (1931)) *501 we have frequently held that respondent may carry that burden of proof with evidence deemed admitted pursuant to Rule 90. See, e.g., Gilday v. Commissioner, 62 T.C. 260 (1974); Strachan v. Commissioner, 48 T.C. 335 (1967); Morris v. Commissioner, 30 T.C. 928 (1958). After a careful evaluation of the record, we find that respondent has proven by clear and convincing evidence that petitioner, Bushnell Best, consistently and fraudulently underpaid taxes known to be owing for the years 1973 through 1978, inclusive. Beginning in 1973, after having filed timely Federal income tax returns for several years prior thereto, petitioner began a practice of not filing any individual income tax returns. On the record before us this practice extended from 1973 through 1978, although petitioner did file a return in 1977 wherein he stated "I do not wilfully pay taxes * * *." Petitioner, a professional engineer with Ibm/, was well aware of his obligation to file Federal income tax returns and pay his taxes. Indeed, during all the years in issue he filed a New York State income tax return. Petitioner had substantial income in all of the years *502 in question with the the exception of 1978, on which he knew taxes would be due and owing. In 1978, petitioner had significant pension income, that he also knew was subject to income tax. In addition to not filing a return for these years, petitioner filed an exemption and withholding certificate representing that he had incurred no income tax liability for the previous year and anticipated none for the year with respect to which the forms were filed. On the record before us, we believe petitioner knew this to be false, and simply made those claims to insure that no taxes were withheld or paid. In this connection we note that petitioner was convicted in 1978 in the United States District Court for the Southern District of New York for filing fraudulent withholding exemption certificates for the years 1975 and 1976. Given this entire course of action over such an extended period of time, and contrasting it with his filing of returns in New York, we believe it is clear that petitioner acted with a specific intention of evading taxes that he knew to be owing in each of the years before us. We therefore find that respondent has proved fraud by clear and convincing evidence. *503 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩