**UNITED STATES of America, Plaintiff,**

v.

**Michael J. WYMAN, Defendant.**

**No. CR 82-0-52.**

United States District Court,
D. Nebraska.

Nov. 19, 1982.

BEAM, District Judge.

This matter is before the Court upon the plaintiff's motion in limine (filing 58). The government seeks to exclude written materials and tape recordings which it anticipates the defendant will seek to introduce as evidence relating to the defendant's state of mind during the years in which the defendant allegedly failed to submit tax returns and claim the proper number of withholding exemptions. The list of materials is voluminous and contains such titles as "U.S. Citizen's Handbook for Justice," "Tax-Fraud IRS Style," "The Continuing Tax Rebellion," "The Federal Reserve Conspiracy," "Freemasonry Anticrist Upon Us," "Get America on the Right Track," and "The Law of Posse Comitatus."

■ To the extent that such materials would be introduced to inform the jury as to the state of the law, the evidence is clearly inadmissible. "In the orderly trial of a case, the law is given to the jury by the court and not introduced as evidence. It is the function of the jury to determine the facts from the evidence and apply the law as given by the court to the facts as found by them from the evidence. Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be." *Cooley v. United States*, 501 F.2d 1249, 1253–54 (9th Cir. 1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). *Accord, United States v. Hurd*, 549 F.2d 118, 120 (9th Cir.1977), affirming the trial court's exclusion of proffered evidence concerning whether Federal Reserve Notes constitute legal tender and whether the system of taxation is based on voluntary compliance.

■ Furthermore, testimony as to what the law is must be excluded as well as written materials and tapes on the same subject. *See United States v. Garber*, 589 F.2d 843, 849 (5th Cir.1979). "To permit a witness to testify in the presence of the jury on the proper interpretation of the law would impermissibly infringe on the function of the court and would risk serious confusion of the jury." A witness's opinion as to what the law requires is irrelevant. "[A] witness cannot instruct the jury on the law." *Id.* at 849 n. 8.

In addition, such materials have been excluded as cumulative and confusing to the jury when presented in conjunction with testimony by the defendant to the effect that such materials misled him into believing he was eligible to claim a certain number of exemptions or could legally fail to file returns. *See United States v. Ness*, 652 F.2d 890, 893 (9th Cir.), *cert. denied*,

454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).

■ While a defendant is entitled to present to the jury facts bearing on his bona fide misunderstanding as to his liability for a tax or his duty to make a return, he is not entitled to confuse the jury as to what the law actually requires. Moreover, "neither a defendant's disagreement with the law, nor his belief that such law is unconstitutional—no matter how earnestly held—constitute a defense of good faith misunderstanding or mistake." *United States v. Ware*, 608 F.2d 400, 405 (10th Cir.1979).

■ Therefore, the Court will make a determination as to each of the materials, as defendant's case progresses, whether all or portions of the materials may be admitted, whether the defendant may read from portions of the materials or whether, if defendant decides to testify, he may present the issue of his state of mind to the jury by explaining the nature of the materials on which he relied. The Court will be governed in its determination as to the admissibility of each of the materials by the considerations enumerated in *Fed.R. Evid.* 403, particularly the possibility of confusing the jury or presenting to the jury purely cumulative evidence.

IT IS THEREFORE ORDERED that the government's motion in limine is denied in part and granted in part. The Court will make an item by item determination as trial progresses as to tapes, documents, and writings or proposed testimony offered.