JAMES T. KALLSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kallsen v. Commissioner
Docket No. 24717-82.
United States Tax Court
T.C. Memo 1984-108; 1984 Tax Ct. Memo LEXIS 561; 47 T.C.M. (CCH) 1220; T.C.M. (RIA) 84108; March 6, 1984. James T. Kallsen, pro se. Paul Weisman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, CHIEF JUDGE: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code *562 [1] and Rules 180 and 181 of the Tax Court's Rules of Practice and Procedure. The Court agrees with an adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before the Court on respondent's oral motion to dismiss for failure to prosecute properly. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1979
$3,744.00
$ 936.00
$187.20
$157.24
1980
4,275.94
1,068.98
213.80
273.66
The tax deficiencies arose, according to the deficiency notice, as a result of unreported income in the amount of $19,736 in 1979 and $21,291 in 1980. Petitioner, who resided in Ontario, California, at the time of filing this petition, alleged that he was not required to file a return or pay income tax, that he had received nothing of a known tangible value that qualified as income, that he enjoyed no grant of privilege or franchise, and that he did not volunteer to self-assess *563 himself for the years in question. The Court takes judicial notice of the fact that petitioner is one of several hundred persons in the southern California area who have filed substantially identical petitions in this Court. [2]
Petitioner responded to the call of the calendar at which time he handed to the Court a "Notice of Decision" which stated in essence that his petition had been filed in error and that he wished it to be dismissed. Petitioner stated that he understood that if the Court dismissed his petition, the Commissioner would be in a position to assess the taxes shown on the deficiency notice. He stated, however, that he would like to challenge the amount of income shown on the deficiency notice. Petitioner went on to state his belief that the only pertinent evidence was that federal reserve notes could not constitute income. Upon being informed *564 by the Court that his position had uniformly been rejected by this and other courts, petitioner refused to place any evidence into the record in regard to any deductions to which he might be entitled. [3]
It would not be in the best interests of the administration of justice in this Court to go into an exhaustive analysis of the many reasons why the petition filed herein fails to state a claim upon which relief can be afforded. [4] Petitioner has not placed into dispute the amount of his income, or of his deductions, or of his credits. Thus, as to these items petitioner is considered to have conceded their correctness. Rule 34(b)(4), Tax Court Rules of Practice and Procedure. His sole argument appears to be that the receipt of federal reserve notes can not constitute the receipt of taxable income. It should suffice to cite the Ninth Circuit's affirmance of a criminal tax conviction in United States v. Schmitz,542 F.2d 782 (9th Cir. 1976) at 78 The defendant has no defense to any of the three counts. His belief *565 is unfounded that because Federal Reserve Notes are not presently payable either in gold or silver they are not taxable dollars. Federal Reserve Notes constitute legal tender, and defendant's constitutional argument has been summarily found by this court to be without merit. United States v. Gardiner,531 F.2d 953 (9th Cir. 1976); United States v. Scott,521 F. 2d 1188, 1192 (9th Cir. 1975); cf.Milam v. United States,524 F. 2d 629 (9th Cir. 1974). No individual taxpayer or group of taxpayers can be allowed to so interpret the Constitution or the internal revenue rules and regulations as to avoid their application to him when he is employed, as millions of other Americans are employed, and receiving as pay Federal Reserve Notes which constitute legal tender and which pass daily from hand to hand in trade and commerce. See also United States v. Hurd,549 F.2d 118 (9th Cir. 1977); United States v. Wangrud,533 F.2d 495 (9th Cir. 1976), cert. denied 429 U.S. 818 (1976). *566 Petitioner is admonished that for petitions filed herein subsequent to December 31, 1982, section 6673 of the Code gives this Court discretion to award damages up to $5,000 where a position is groundless, frivolous or petition filed or maintained primarily for delay. Accordingly, respondent's motion to dismiss for failure properly to prosecute will be granted, and An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See, e.g., Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576; Urban v. Commissioner,T.C. Memo. 1984-85; Dragoun v. Commissioner,T.C. Memo. 1984-94, Gabaldon v. Commissioner,T.C. Memo. 1984-107↩.
3. The tax deficiencies were computed treating petitioner as a single person with no deductions for dependents or for excess itemized deductions.↩
4. See, e.g., Rowlee v. Commissioner,80 T.C. 1111↩ (1983), on appeal (2d Cir., Sept. 13, 1983).