IRWIN A. SCHIFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schiff v. Commissioner
Docket No. 9410-82.
United States Tax Court
T.C. Memo 1984-223; 1984 Tax Ct. Memo LEXIS 461; 47 T.C.M. (CCH) 1706; T.C.M. (RIA) 84223; April 25, 1984. Irwin A. Schiff, pro se. Robert J. Percy, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Addition
Addition
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1974
$16,406.25
$8,203.13
$525.00
1975
3,226.39
1.613.20
139.68
The issues for decision are: (1) Whether respondent's motion to dismiss for petitioner's failure to properly prosecute should be granted as to the deficiencies; (2) whether petitioner is liable for additions to tax pursuant to section 6654 for failure to pay estimated tax; and (3) whether respondent has carried his burden of proving that any part of the underpayment *463 of tax by petitioner was due to fraud as required by section 6653(b). [2]
Some of the facts have been stipulated and are found accordingly. [3] The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Hamden, Connecticut during the taxable years 1974 and 1975, and when he filed his petition in this case. Petitioner was graduated from the University of Connecticut in 1950 with a Bachelor of Science degree, and majored in accounting and economics.Included in his course of study were accounting, business law and Federal income tax courses. In 1951, petitioner received a CLU degree while working as a estate *464 planner for New York Home Life. Petitioner, as President of Irwin A. Schiff, Inc., filed corporate income tax returns, Forms 1120, which reported and deducted $300.00 per week in compensation paid to him during 1974 and 1975. Prior to 1974, petitioner regularly filed Federal individual income tax returns. For the years 1974 and 1975, petitioner submitted unsigned Forms 1040 which contained no information from which his taxable income or tax liability could be determined. On these forms and the statements attached to them, petitioner claimed protection from self-incrimination under the Fifth Amendment, charged the United States government with various "crimes" and stated that he "received no money income, only irredeemable, non-interest bearing worthless notes of a Federal Reserve Bank." In 1976, petitioner submitted blank 1040X amended return forms for the taxable years 1974 and 1975. On February 4, 1977, respondent notified petitioner that his Forms 1040 and 1040X did not constitute valid tax returns. On March 24, 1977, petitioner submitted a new set of Forms 1040 for 1974 and 1975, which contained no information as to petitioner's taxable income and stated petitioner's *465 constitutional objections. By letters dated April 22, 1977, respondent notified petitioner that the forms submitted for 1974 and 1975 did not constitute valid tax returns. In September of 1977, petitioner filed altered Forms 1040X as amended returns for the years 1969 and 1976, seeking a refund for the years 1969 through 1973. Petitioner provided no information regarding his taxable income for the years 1974 and 1975 other than the statement that in each year his income was less than $750.00 Respondent disallowed the claims made on the forms.
As a result of petitioner's underpayment of Federal income taxes for 1974 and 1975, respondent issued a notice of deficiency. During respondent's investigation of petitioner's tax liabilities for these years, petitioner refused to cooperate with respondent's agents. He delayed appointments, failed to provide requested information, and refused to make available his records of income and expenses for these years.Therefore, respondent determined petitioner's taxable income for 1974 and 1975, in the amounts set out below, using specific items and bank deposits. Income
1974
1975
Compensation
$15,600.00 $15,600.00 Dividends
20.00 105.21 Commissions
3,381.59 206.08 Royalties
1,000.00 1,633.33 Escrow Accounts
383.21 166.33 Rental Income
500.00 Bank Deposits
38,384.33 Capital Loss Carryover
(1,000.00)
(1,000.00)
Exemption
(750.00)
(750.00)
Standard Deduction
(2,000.00)
(2,300.00)
Total
$55,019.13 $14,160.95 *466 In 1980, petitioner was convicted in a jury trial in the U.S. District Court of Connecticut of willfully failing to file Federal income tax returns for 1974 and 1975 in violation of section 7203. He was fined a total of $20,000.00 and sentenced to six months in prison. Petitioner's lack of cooperation or compliance continued after he filed his petition with this Court. Despite the numerous opportunities afforded him, he failed to comply with the rules of this Court requiring stipulation for trial. Petitioner has not filed tax returns since 1973. During 1974 and 1975, petitioner wrote a book, published in 1976, which advocated tax revolt. At trial, petitioner testified on cross-examination that his book reflected his beliefs in 1974 and 1975. Petitioner stated: "At the time, I really didn't believe that taxes were voluntary. I thought that they were compulsory." At trial, petitioner did not refute the correctness of respondent's determination of tax liability. Instead, petitioner offered various constitutional and other arguments as to his obligations to file returns and pay taxes. Petitioner argues that the Fifth Amendment privilege against self-incrimination relieves *467 him of the obligation to file returns. Petitioner argues that taxation of the amounts paid to him in exchange for his labor is a tax on the "source" of income and not on the income itself, and, therefore, is unconstitutional. Furthermore, he asserts that he has not chosen to self-assess himself to pay Federal income taxes and therefore he is not a "taxpayer" within the meaning of the Internal Revenue Code, and accordingly is not required to file a return or pay taxes. Petitioner cites a multitude of cases and sections he considers support his position. Respondent's determination of deficiency is presumptively correct, and petitioner bears the burden of proving that respondent erred in his determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. In the instant case, petitioner has chosen not to produce evidence and not to prosecute this matter properly. To quote from an earlier opinion of this Court, he has engaged in a "folly" which will be costly to him. [4] Therefore, petitioner has failed to carry his burden of proof, and respondent must prevail. Forms such as those filed *468 by petitioner, which do not contain any information pertinent to the computation of income and deductions, do not constitute returns. United States v. Daly,481 F.2d 28, 29 (8th Cir. 1973), cert denied, 414 U.S. 1064 (1973); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied, 400 U.S. 824 (1970); see also section 6011; section 1.6011-1(b), Income Tax Regs.
The bank deposits method of reconstructing a taxpayer's income is an appropriate basis for respondent's determination when a taxpayer has failed to provide information necessary to compute that income, and the taxpayer has the burden of showing that respondent's determination is wrong. Hoefle v. Commissioner,114 F.2d 713 (6th Cir. 1940); Harper v. Commissioner,54 T.C. 1121, 1129 (1970); Jones v. Commissioner,29 T.C. 601, 613-614 (1957); Rule 142(a). Petitioner in the instant case declined to offer any evidence to show that respondent's determination was incorrect. The constitutional arguments advanced by petitioner are stale and meritless. These patently frivolous arguments have been rejected *469 by this Court in scores of cases. [5] Petitioner has quoted language out of context and has illogically misinterpreted holdings of cases. It is well-settled that the Fifth Amendment does not relieve a taxpayer of the obligation to file income tax returns. Garner v. United States,424 U.S. 648 (1976); United States v. Sullivan,274 U.S. 259 (1927). In Sullivan,supra at 263-264, the Supreme Court stated that: "It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income * * *." Blanket claims of privilege are not justified. Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. a Memorandum Opinion of this Court. There is no suggestion in the record of criminal proceedings existant or contemplated against petitioner. Thus, the prohibition against self-incrimination is inapplicable. With regard to petitioner's argument that *470 the Federal income tax laws are unconstitutional as an indirect tax, the courts have found on numerous occasions that, since the ratification of the 16th Amendment, it is immaterial whether the tax is a direct or indirect tax. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916); Hayward v. Day,619 F.2d 716 (8th Cir. 1980). Petitioner's "taxation on source" argument is spurious; the tax is imposed on the money petitioner receives for his services, not on the performance of those services. Section 61(a) specifically includes "wages" in its definition of gross income. Furthermore, case law has confirmed that wages are subject to income tax. Commissioner v. Glenshaw GlassCo.,348 U.S. 426 (1955); Reiff v. Commissioner,77 T.C. 1169 (1981). Similarly unworthy of extended comment is petitioner's assertion that the receipt of federal reserve notes does not constitute taxable income. See United States v. Hurd,549 F.2d 118 (9th Cir. 1977); United States v, Schmitz,542 F.2d 782 (9th Cir. 1976). Petitioner placed great emphasis upon various statements culled from cases, Treasury Department *471 publications and other writings to the effect that the income tax is based upon "voluntary compliance", and he announces that he does not volunteer to comply. As we have previously noted, this argument "is nothing but arrogant sophistry." [6] Implicit in the statements relied upon by petitioner is the fact that the effectiveness of the tax system depends upon the taxpayer's voluntary obedience to the law. [7]
Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure *472 of Proof:Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. * * * Petitioner was advised that his legal arguments were frivolous. He nevertheless refused to prosecute his case or to offer evidence in regard to it. We, therefore, grant respondent's motion to dismiss as to the deficiencies. The addition to tax for failure to pay estimated tax is mandatory absent exceptions not claimed or shown to apply here. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Therefore, the addition to tax under section 6654 must be sustained. The only remaining issue for decision is whether respondent's determination of fraud should be sustained. We find that the evidence provided by respondent shows that petitioner fraudulently evaded tax in 1974 and 1975. The 50 percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and *473 to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Section 6653(b) provides in relevant part: (1) FRAUD:--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud.Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). *474 Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. Spies v. United States,317 U.S. 492 (1943); Rowlee v. Commissioner,80 T.C. 1111 (1983). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-103 (1969). The "willful failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty." Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), revg. in part and affg. in part a Memorandum Opinion of this Court. Willful failure to file returns for an extended period, however, is "persuasive evidence of an intent to defraud the government." Stoltzfus v. United States,supra at 1005; Marsellus v. Commissioner,544 F.2d 883, 885 (5th Cir. 1977), affg. a Memorandum Opinion of this *475 Court. However, an intention to evade taxes may be inferred from the circumstances attending a particular failure to file. Cirillo v. Commissioner,supra at 482. A pattern of nonfiling, when coupled with affirmative evidence of intent to defraud, warrants imposition of the addition to tax for fraud. Stoltzfus v. United States,supra at 1004; Grosshandler v. Commissioner,supra at 19. [8]
The purported returns filed by petitioner for 1974 and 1975 were so deficient in providing information about petitioner's tax liability as to be equivalent to failure to file returns. The years 1974 and 1975, here involved, were the first two years of almost a decade in which petitioner failed to file returns. Petitioner was convicted of willfully failing to file returns for 1974 and 1975. In this case, there is no question that petitioner's purpose in failing to file returns was to avoid the payment of taxes that he claims he was not obligated to pay. As indicated above, his claim that he did not receive income is frivolous. The absence of specific indications *476 of a reasonable possibility of incrimination and the tax protest nature of the materials printed on and attached to the Forms 1040 tendered to respondent by petitioner for 1974 and 1975 support an inference that petitioner's refusal to supply information was motivated by a desire to evade taxes rather than a fear of self-incrimination. See United States v. Neff,615 F.2d 1235 (9th Cir. 1980); Rechtzigel v. Commissioner,79 T.C. 132, 138-139 (1982), affd. per curiam, 703 F.2d 1063 (8th Cir. 1983). Although petitioner complains that respondent did not cooperate with him by attempting to deal with all of the attacks petitioner made on the income tax system, petitioner admits that he never provided any financial information to respondent's agents. His refusal to cooperate in the attempt to determine his correct liability is, in the context of this record, further indicia of fraud. Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958); Rowlee v. Commissioner,supra at 1125; Grosshandler v. Commissioner,supra at 20, Gajewski v. Commissioner,supra at 200. Petitioner's *477 uncooperative behavior continued throughout the judicial proceedings of this case. Petitioner omitted all items of income from his purported 1974 and 1975 returns. He attempted to obtain refunds of his taxes paid in earlier years. Petitioner took these actions despite his knowledge of required reporting procedures, as evidence by his earlier proper returns and his concurrent proper filing of correct returns for his business. While arguing the wages received by him from his corporation were not taxable to him, petitioner directed his corporation to deduct this compensation from its income. We find these actions to be further indicia of fraud. [9]
We note that petitioner's education and obvious intelligence are relevant to our determination of fraud. [10] We are convinced that petitioner was familiar with relevant law and was aware of his obligation to file proper returns and to pay taxes. Petitioner did extensive research in an attempt to legitimize his postion. During the years in issue petitioner wrote a book advocating tax revolt, clearly indicating that at that time petitioner was well aware *478 of his obligations to file returns and pay taxes. By his own admission, petitioner believed taxes to be "compulsory." We are convinced that he knew that the tactics he employed were not legitimate tax avoidance but were an orchestrated program of tax evasion. Petitioner contends that he could not have intended to fraudulently evade taxes because of his attempts to confront various agents of respondent. But those attempts occurred long after the time for filing his returns had passed, and do not reflect his intentions during the years in issue. See, Rowlee v. Commissioner,supra at 1124. We have considered petitioner's arguments and find them unpersuasive. [11] Petitioner is free to argue his theories to Congress, but he cannot disregard the laws passed by Congress and upheld by the courts, fail to perform an affirmative duty imposed on him by those laws, and then expect to avoid the consequences of his avowedly freely exercised disobedience. *479 On the basis of our consideration, we find that respondent has clearly and convincingly demonstrated fraud for both 1974 and 1975 for purposes of section 6653(b). The imposition of the additions to tax for fraud in this case are incumbent and appropriate. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the alternative, if additions under section 6653(b) are not upheld, respondent requests additions under sections 6651(a) and 6653(a) for failure to file returns and for negligence, respectively. However, in light of our decision herein, there is no need for consideration of these alternative additions to tax.↩
3. Under Rule 91(f), stipulation occurred pursuant to our order accepting as established for purposes of this case the facts and evidence set forth in respondent's proposed stipulation of facts.↩
4. Schaefer v. Commissioner,T.C. Memo. 1980-361↩.
5. See, e.g. Rowlee v. Commissioner,80 T.C. 1111 (1983); Grilliot v. Commissioner,T.C. Memo. 1981-100↩, and cases cited therein at Note 3.
6. Donelin v. Commissioner,T.C. Memo. 1984-131↩. 7. See Hodge v. Commissioner,T.C. Memo. 1984-109↩.
8. See Suttie v. Commissioner,T.C. Memo. 1983-358↩.
9. See Hershberger v. Commissioner,T.C. Memo. 1983-447↩.
10. Zell v. Commissioner,T.C. Memo. 1984-152↩.
11. Among other arguments, we have considered particularly that he is protected from the imposition of an addition to tax for fraud by cases such as Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982). See also Muste v. Commissioner,35 T.C. 913 (1961). We find petitioner's circumstances factually distinguishable from those presented in Raley.↩