**In re Richard T. JANSEN, Debtor.**

**Bankruptcy No. B–83–3107–PHX–GBN.**

United States Bankruptcy Court,
D. Arizona.

Oct. 31, 1989.

Richard T. Jansen, Phoenix, Ariz., pro se.

Dennis J. Wortman, Scottsdale, Ariz., former attorney for debtor.

Randy Nussbaum, Owens, Rybarsyk & Nussbaum, P.C., Scottsdale, Ariz., for James D. Land and Kenneth Paulson.

Stanley W. Fogler, Phoenix, Ariz., trustee.

Virginia A. Mathis, Phoenix, Ariz., U.S. Trustee.

## ORDER

GEORGE B. NIELSEN, Jr.,
Bankruptcy Judge.

The debtor, pursuant to §§ 144 and 455(b)(1) of the Judicial Code, seeks my recusal from his case due to bias and prejudice. *See* 28 U.S.C. §§ 144, 455(b)(1). Before discussing his concerns, it is important to establish the scope of the inquiry required.

### I

Both statutes require recusal only if the perceived bias and prejudice stem from an extra-judicial source, not from conduct or rulings made in the case itself. *Toth v. Trans World Airlines,* 862 F.2d 1381, 1388 (9th Cir.1988); *Hasbrouck v. Texaco,* 830 F.2d 1513, 1524 (9th Cir.1987); *United States v. Sibla,* 624 F.2d 864, 869 (9th Cir.1980). A party cannot attack the judge's impartiality on the basis of information or belief acquired by the court while acting in its judicial capacity. *Noli v. C.I.R.,* 860 F.2d 1521, 1527 (9th Cir.1988), citing *United States v. Frias–Ramirez,* 670 F.2d 849, 853 n. 6 (9th Cir.), *cert. denied,* 459 U.S. 842, 103 S.Ct. 94, 74 L.Ed.2d 86 (1982).

■ Bias or prejudice is disqualifying only if it is an attitude, a fair-minded person could not set aside while judging a case. An animus more active and deep-rooted than mere disapproval is required. *Matter of Yagman,* 796 F.2d 1165, 1182 (9th Cir.1986); *United States v. Conforte,* 624 F.2d 869, 881 (9th Cir.), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980).

■ Although the substantive test is identical for both statutes, their procedural requirements are different. Under § 144, the challenged judge reviews the affidavit for legal sufficiency and timeliness, but not for truth. If the court finds the motion both timely and sufficient on its face, the matter is transferred to another court for hearing on the merits. *See Arizona Past & Future Foundation v. Lewis,* 722 F.2d 1423, 1430 (9th Cir.1983).

Thus, it is not error for the challenged judge to review the affidavit's legal sufficiency. Moreover, since the inquiry is addressed to sufficiency, not truth, no hearing is required. *Toth, supra,* 862 F.2d at 1388; *United States v. Azhocar,* 581 F.2d 735, 738 (9th Cir.1978), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979).

By contrast, § 455 is self-enforcing; there is no provision for review by another judge. Upon reflection, if the sitting judge is aware of recusal grounds, the court is required to withdraw. If not, recusal is denied. *See* generally *United States v. Sibla, supra,* 624 F.2d at 867–68.

■ Under § 144, either a timely motion must be filed or good cause shown for the failure to timely move. *Palila v. Hawaii Department of Land & Natural Resources,* 852 F.2d 1106, 1110 n. 7 (9th Cir. 1988); *United States v. Branco,* 798 F.2d 1302, 1304 (9th Cir.1986). It is unclear in this Circuit whether a § 455 claim must be timely. *Palila,* 852 F.2d at 1110, n. 7, citing cases.

## II

It is first appropriate to review debtor's complaints under the procedures of § 455.

Upon reflection, I hold no bias or prejudice toward debtor, nor am I aware of any basis upon which my impartiality in this case could reasonably be questioned.

## III

Next, it is necessary to examine debtor's affidavit for legal sufficiency and timeliness.

## A

■ Movant first alleged the Court permitted Attorney Nussbaum to be a witness in this case on May 24, 1984 and February 26, 1985, in violation of the Professional Disciplinary Rules. Affidavit at 1–2.

An evidentiary hearing was conducted on May 24, 1984, on the request of secured creditor Magna Mortgage Corporation for relief from the automatic stay. *See* Contested Matter File A at Docket A–30a. Creditor's Attorney Nussbaum was allowed to testify as a witness, against the overruled objections of debtor's Attorney Wortman. The subject or extent of this testimony is reflected neither in the minute entry nor in debtor's recusal motion. *Supra.* Nor did debtor obtain a transcript. After receipt of other testimony and witnesses, the hearing was continued.

Ultimately, the creditor's success in Contested Matter A was appealed by debtor to the Bankruptcy Appellate Panel as BAP No. 86–1280. That Court dismissed debtor's appeal for failure to prosecute on March 5, 1987.

The record further reflects an evidentiary hearing was conducted on February 26, 1985, on the request of secured creditor J. David Land, et al., for relief from the automatic stay. *See* Contested Matter B at Docket B–35. There is no indication creditor's Attorney Nussbaum testified. If he did, the subject or extent of his testimony is reflected neither in the minutes nor in debtor's recusal motion. Again, debtor did not order a transcript.

Ultimately, the creditor's motion in Contested Matter B was dismissed on October 23, 1987. Docket B–52.

I conclude that the evidentiary rulings I made in two matters before me, one of which was unsuccessfully appealed by debtor and the other in which the adverse party was unsuccessful at the trial level, do not, on their face, establish bias and prejudice against debtor.

B

█ Second, debtor alleges the Court allowed former counsel to represent debtor without compliance with the disclosure requirements of 11 U.S.C. § 329 and Rule 2014, F.Br.R. Debtor further alleges nonservice upon him of his counsel's fee applications of October 23, 1984, January 10, 1985 and September 17, 1986, in the absence of written agreement between himself and counsel. Movant also complains the Court barred him from representing himself on February 11, 1985, in regard to certain issues, including his counsel's fee application. Affidavit at 2–3.

A fee application of debtor's counsel filed September 17, 1986, is located at Administrative Docket 146. A fee application of October 23, 1984, is filed in the Contested Matter A file at Docket A–66 and and supplemented on January 30, 1985 at Docket A–86.

As the contested matter applications make clear, the attorney's fee was sought against creditor Magna Mortgage, not debtor, based on alleged violations of Federal Truth in Lending Laws ("TILA"). 15 U.S.C. § 1640(a)(3). See Docket A–86 at 3. Accordingly, the creditor, not debtor, objected to them on November 2, 1984. Docket A–72. See also Dockets A–74 (response of debtor's counsel) and A–76 (objector's reply). Following a February 12, 1985 decision finding creditor violations of TILA, the Court imposed an attorney's fee award of $13,104 and costs of $275.90 against creditor James D. Land, successor in interest to Magna Mortgage, on March 5, 1985. Docket A–91 at 6.

As to the September 17, 1986 fee application, debtor's counsel was admonished at a December 5, 1986 hearing that no fees could be paid without the Trustee's certification there were sufficient estate monies

to pay all administrative claims equally. Docket 152. It appears no such certification has been made and counsel is awaiting a hearing on the Trustee's proposed distribution, to which debtor has objected. Dockets 160–62.

If counsel failed to notice debtor of his fee application as required, that is unfortunate, but hardly evidence the Court is prejudiced against debtor. In point of fact, debtor is now aware of the applications and free to object to them. However, to the extent counsel's administrative fee application is decreased, the excess monies flow to creditors, not debtor. 11 U.S.C. § 507(a)(1), (2).

█ Likewise, assuming arguendo counsel has violated disclosure requirements in his transactions with debtor, interim fee approval can be reconsidered while the case remains open. In re Callister, 673 F.2d 305, 306–07 (10th Cir.1982). As previously noted, any recovery of fees would go to the creditors, not debtor.

For purposes of § 144 review, I do not consider the truth of the allegations, merely their legal sufficiency. Regardless, it is troubling to receive debtor's allegations in an August 23, 1989 recusal motion of nonreceipt of fee applications when debtor acknowledged receipt in Open Court on April 25, 1985 of the January 30, 1985 application. See Transcript of April 25, 1985 at 4, Docket 54; see also Docket A–111.

█ The record reflects an expedited hearing on February 11, 1985 concerned a discovery dispute in Contested Matter B, not a fee application. Docket B–28. Debtor was represented by his chosen counsel. Supra. There is no indication he sought to represent himself at that hearing. Assuming he did, denial of that request does not, on its face, appear prejudicial against debtor. Further, as previously noted, the creditor's request in Contested Matter B was ultimately denied.

█ In summary, any deficiencies in the attorney fee application process for interim awards are hardly prejudicial as the court can reconsider any awards until the case is closed. The record reflects the Jan-

uary 30, 1985 fee application was discussed with Mr. Jansen in Open Court on April 25, 1985. *See* Docket A–111. During the same time period, debtor was mounting an appeal in Contested Matter A. Docket A–95. On June 5, 1985, he filed his designation of record and issues on appeal, which presumably required him to review the record. Docket A–115. None of the alleged irregularities with the interim fee applications were listed by debtor. On March 28, 1986, debtor filed a designation of record for a separate appeal, again presumably requiring him to review the record. Administrative Docket 130. None of the alleged irregularities with the interim fee applications were designated.

In short, debtor's alleged ignorance of his counsel's fee application sought against a creditor, not debtor, is hardly prejudicial. If his counsel failed to notice debtor of the interim administrative fee application or did not comply with disclosure requirements, this is not evidence the court is prejudiced against debtor, and can be reconsidered. Upon reconsideration, if the application is reduced, this will increase the creditors' dividend.

### C

■ Next, movant alleges he was told by Attorney Nussbaum of an appointment with the Court on April 25, 1985, and that debtor observed counsel entering Chambers on that date. Based on this, debtor alleges bias and prejudice based on an *ex parte* contact. *Supra*, at 253.

The Court is well aware of its obligation to avoid such contact. Rule 9003, *F.Br.R.* A similar restriction is imposed on lawyers. Canon 7, EC7–35, Disciplinary Rule 7–110(B). Although allegedly aware of this incident since April of 1985, debtor did not raise it in his unsuccessful appeals of May 21, 1985, Docket A–112; June 3, 1985, Administrative Docket 42, June 28, 1985, Administrative Docket 50; February 4, 1986, Administrative Docket 96; March 17, 1986,

Administrative Docket 122; or March 28, 1986, Docket 132. Nor does he allege he requested and was refused admittance to the meeting.

On its face, the allegation makes an unwarranted assumption: the fact that creditor's Attorney Nussbaum claimed to have an appointment with the Court as indication the Court and counsel discussed the *Jansen* case. Accordingly, assuming *arguendo* counsel did have an appointment with the Court—a circumstance which I frankly cannot recall—this does not on its face establish an *ex parte* contact. Lawyers are allowed to meet with judges.

### D

Finally, debtor complains that in September or October of 1985, following a hearing, the Court met with Attorneys Wortman and Loy, that an appointment with the Court was mentioned and that the Court met with these counsel concerning the case, as another *ex parte* communication. *Supra*, at 252–253.

■ I can again find nothing in the record or in my memory to establish that such a meeting actually occurred.[1]

■ Regardless, since my duty is to review the charge for legal sufficiency and timeliness, not for truth, I will assume such a meeting occurred with debtor's former counsel. Given the fact debtor alleged he learned of the meetings by personal observation four years ago, Affidavit at 4–5, his failure to object either before this Court or in one of his appeals is deemed untimely delay without good cause. *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir.1988) (recusal motion filed 2½ years after case began is untimely); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (recusal motion filed weeks after trial presumptively untimely); *United States v. Hurd*, 549 F.2d 118, 119 (9th Cir.1977) (motion filed on fifth day of trial "much too late").

---

1. Assuming *arguendo* the *ex parte* hearing actually occurred, but was a settlement conference, there would be no basis for disqualification. *Matter of Georgia Paneling Supply*, 581 F.2d 520,

522 (5th Cir.1978); *United States v. Conservation Chemical Co.*, 106 F.R.D. 210, 234 (W.D.Mo. 1985); *Lazofsky v. Sommerset Bus Co.*, 389 F.Supp. 1041, 1044 (E.D.N.Y.1975).

IV

In summary, upon reflection, I hold no bias or prejudice toward debtor, nor am I aware of any basis on which my impartiality might reasonably be questioned. 28 U.S.C. § 455. Upon review of debtor's affidavit, I find it to lack legal sufficiency and further find it to be untimely without good cause. 28 U.S.C. § 144. Accordingly, recusal is refused.